617 So.2d 895 (1993)
STATE of Louisiana
v.
Jimmy CHARLES.
No. 93-KK-1053.
Supreme Court of Louisiana.
May 3, 1993.

ORDER[*]
PER CURIAM.
This matter concerns pre-trial rulings in a capital case.
On November 20, 1992, 607 So.2d 566, this court directed the trial court to conduct a pre-trial hearing on the admissibility of the DNA profiling evidence and to provide the defense with access, sufficiently in advance of the pretrial hearing to allow preparation therefor, to documents pertinent to the methodology used in the DNA analysis and to the data base(s) used in making statistical comparison. The State has apparently provided the defense with some evidence relating to two DNA reports and results.
On April 20, 1993, the defendant attended court for the hearing on the admissibility of the DNA evidence. At that time, the defense moved for a continuance on the grounds that on April 6, 1993, the State provided the defense with a third DNA report and results therefrom which substantially reduce the probability that the defendant contributed the genetic material. At the April 20, 1993 hearing on the motion for continuance, the defense urged that the third DNA report was different from the original two reports and the defense had insufficient time to conduct discovery on that report prior to the admissibility hearing. During the pre-trial hearing on the motion for continuance, the defense expert, Dr. Elston, testified that he requires evidence of "the frequency of the alleles in each of the three races referred to in the report and the denominator for each frequency" to accurately assess the statistical validity of the DNA profiling evidence relating to the third report. Dr. Elston testified that his statistical analysis could be performed within a short time of receiving this information. The trial court ordered *896 the State to produce this evidence, and the State had no objection. The trial court denied the motion for continuance and proceeded with the admissibility hearing.
At the admissibility hearing, the trial court ruled that the defense bears the burden of proving the inadmissibility of the DNA evidence. The trial court further did not require the state to specify which of the three DNA reports and results it intends to introduce into evidence at trial. The defense objected to the trial court's rulings and the trial court stayed further proceedings to allow the defendant to file an application for supervisory writs.
Premises considered:
IT IS ORDERED that the DNA profiling evidence intended to be introduced by the State of Louisiana in this capital trial shall not be admitted into evidence until the State complies with the following:
(1) The State is directed to designate which of the three DNA test reports and results it intends to introduce at trial;
(2) Should the State designate either of the first two DNA test reports and results received by the defense, the trial court's original ex parte order is reinstated, and the state is hereby ordered to provide to the defense the following documents and evidence required by the defendant's expert:
(a) The computations which were performed in order to calculate the probability of a match;
(b) The evidence on which the state's laboratory relied to reach the following two assumptions (i) that the genotypes in each system are in Hardy-Weinberg equilibrium proportions; and (ii) all four systems are independently distributed in the populations;
(c) How the tables used by the laboratory were obtained in order to reach its conclusion that the genotypes in each system are in Hardy-Weinberg equilibrium proportions and all four systems are independently distributed in the population;
(d) How many individuals were used to calculate the frequencies in each column of the tables and how those individuals can be characterized demographically; and
(e) What evidence was used to reach a conclusion that a bin width of 1/8% is reasonable including a scientific explanation of just what was analyzed and how it was analyzed.
(3) Should the State designate the last DNA report and results therefrom (received by defense counsel on April 6, 1993), the State is hereby ordered to produce for use by the defense experts all information, including but not limited to reports, summaries, documents, and written evidence of surveys and studies conducted which indicate the frequency of the alleles in each of the three races referred to in the report and the denominator for each frequency.
(4) The trial judge's pre-trial ruling that the defendant bears the burden of proving the inadmissibility of the DNA profiling evidence is reversed. This court's previous opinions make clear that the burden of proving the admissibility of such evidence is on the party moving to introduce such evidence. See State v. Catanese, 368 So.2d 975 (La.1979). See also State v. Rowell, 517 So.2d 799 (La.1988). Accordingly, the State bears the burden of proving the admissibility of the DNA profiling evidence in the instant case. The trial court is, therefor, ordered to conduct an admissibility hearing in accordance with the proper allocation of the burden of proof and rule thereon prior to receipt in evidence of the DNA profiling evidence.
KIMBALL, J., would deny the application.
WATSON and HALL, JJ., concur in that portion of this court's order stating that the burden of establishing the admissibility of the DNA profiling evidence is on the State and requiring the trial court to rule on the admissibility after a hearing at which the proper burden of proof is made *897 applicable. Justice HALL further concurs in that portion of this court's ruling which directs the State to designate which of the three test results it will use. Otherwise, they would deny.
NOTES
[*] Ortigue, J., not on panel.