PER CURIAM

WRIT GRANTED AND MADE PEREMPTORY:

This court ruled in State v. Charles, 602 So.2d 15 (La.App. 3 Cir.1992), writ granted in part, denied in part, and amended, 607 So.2d 566 (La.1993), that a defendant who requests a pretrial hearing on the admissibility of DNA test results is entitled to such a hearing; the burden of proving the admissibility of the DNA tests results rests with the state. State v. Charles, 617 So.2d 895 (La.1993). The defendant in the present case requested a pretrial hearing on the admissibility of DNA test results but not in a manner which gave the state notice that the hearing on the defendant’s Motion to Suppress would concern not only the issue of the constitutionality of how the state obtained the defendant’s statements, blood sample and other physical evidence, but also the admissibility of the DNA test results. Since the issue of admissibility of the DNA test results was not properly placed before the trial court, any ruling on this issue was premature. See State v. Stokes, 511 So.2d 1317,1322 (La.App. 2 Cir.1987), writ denied, 516 So.2d 129 (La. 1987). Accordingly, the ruling of the trial court denying defendant’s Motion to Suppress insofar as it concerned the admissibility of the DNA test results is reversed and vacated, and this matter is remanded to the trial court and a pretrial hearing is ordered to determine the admissibility of the DNA test results.
THUS DONE AND SIGNED.