726 So.2d 449 (1999)
STATE of Louisiana
v.
Richard T. MICHELS.
No. 98-KA-608.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1999.
*450 Harold Douglas, New Orleans, for Appellant.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Richard Bates, Assistant District Attorneys, Gretna, for Appellee State of Louisiana.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
On July 30, 1997, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Richard T. Michels, with one count of aggravated oral sexual battery in violation of La. R.S. 14:43.4. On August 29, 1997, the defendant filed a motion for a bill of particulars. The state filed its answers to the motion for the bill of particulars on November 17, 1997.
On January 13, 1998, the defendant was tried before a jury of six. The jury found the defendant guilty of attempted aggravated oral sexual battery. On January 22, 1998, the defendant filed a motion in arrest of judgment and/or new trial. On March 3, 1998, the trial court denied the defendant's motion and sentenced the defendant to five years at hard labor. The trial court suspended the sentence and placed the defendant on three years active probation. Additionally, the trial court ordered that the defendant did not have to abide by the requirements of the "Scarlet Letter Law," La. R.S. 15:540, et seq. The defendant thereafter filed a motion for appeal, which was granted on April 2, 1998.

FACTS
In the early morning hours of July 9, 1997, the Kenner Police Department responded to a complaint that a rape had occurred in one of the house trailers located in the trailer park at 176 West Airline Highway in Jefferson Parish. The victim, Yvonne Labat, a resident of the trailer park, stated that one of her neighbors, Richard Michels, raped her in his trailer earlier in the evening.
The victim stated that prior to the incident, she was walking around the trailer park and saw the defendant, who she knew was also a resident of the trailer park. The defendant invited her to join him for a beer in his trailer and she accepted his invitation. The victim stated that once they were inside, they sat on the sofa and began to drink a beer. After only a few minutes, the defendant removed his pants and forced the victim's pants down. The victim further stated that the defendant then forced the victim to perform oral sex on him and then raped the victim.
The victim fled the defendant's trailer and went to the washateria in the trailer park where a friend called the police. When Detective Tommy Powell of the Kenner Police Department arrived on the scene, he spoke with the victim and the defendant. As a result of these conversations, the defendant was arrested and the victim was taken to Lakeside Hospital for a rape examination.

ASSIGNMENT OF ERROR NUMBER ONE
The bill of information under which the defendant was charged was fatally defective because it failed to state the subsection of La. R.S. 14:43.4 under which the defendant was being prosecuted.

*451 DISCUSSION
Section 13 of Article 1 of the Louisiana Constitution states in part that "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." In a criminal prosecution instituted by the filing of a bill of information, the bill of information serves to inform the defendant of the nature and cause of the accusation as required by the Louisiana Constitution. The requirements of a bill of information are set out in La.C.Cr.P. art. 464, which provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
In the present case, the defendant claims that the bill of information charging him with the crime of aggravated oral sexual battery did not satisfy these requirements. The bill of information filed in this case states in part that
Richard T. Michels, late of the Parish aforesaid, on or about the 9th day of July in the year of our Lord, One Thousand Nine Hundred and Ninety-Seven with force of arms, in the Parish aforesaid, and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish aforesaid, violated R.S. 14:43.4 in that he did commit aggravated oral sexual battery upon Yvonne M. Labat, contrary to the form of the statute of the State of Louisiana, and against the peace and dignity of the State.
As stated, on August 29, 1997, the defendant filed a motion for a bill of particulars. The state filed its answers to the motion for the bill of particulars on November 17, 1997. In the defendant's bill of particulars, he requested that "[i]f this prosecution is based upon any statute(s) consisting of sections, parts or divisions of any kind, specify which section, parts, paragraphs, or divisions this prosecution is based?" In response to this request the state replied: "LSAR.S. 14:43.4."
In order to properly address the inadequacy in the state's response, pursuant to La. C.Cr.P. art. 532, the defendant should have filed a motion to quash the answers to the bill of particulars. However, the defendant did not attack the sufficiency of the indictment or the answers to his bill of particulars until after his conviction in a motion in arrest of judgment and/or new trial.
The crime of aggravated oral sexual battery is defined in La. R.S. 14:43.4, which states in pertinent part:
A. Aggravated oral sexual battery is an oral sexual battery committed when the intentional touching of the genitals or anus of one person and the mouth or tongue of another is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
(5) When two or more offenders participated in the act without the consent of the victim.
(6) When the victim is prevented from resisting the act because the victim suffers from a physical or mental infirmity preventing such resistance.
In his appeal, the defendant contends that there are five subsections of R.S. 14:43.4 with which he could have been found guilty of aggravated oral sexual battery. The defendant further argues that, because of the insufficiencies in the bill of information, he did not understand the nature of the accusation *452 against him and was therefore unable to adequately prepare his defense.
From our review of the proceedings in the record prior to trial, it was obvious that only the first three subsections of R.S. 14:43.4 could possibly apply in this case. All three deal specifically with force or threats of force. While the defendant claims he did not understand the nature of the accusation against him, he proceeded to trial without attacking the sufficiency of the bill of information or requesting a continuance. In this case, "[t]he defendant has not claimed any surprise or shown any prejudice due to this alleged defect. A technical insufficiency in an indictment may not be raised for the first time after conviction where the indictment fairly informed the accused of the charge against him and the defect does not prejudice him." State v. Comeaux, 408 So.2d 1099, 1106 (La.1981), citing State v. Russell, 397 So.2d 1319 (La.1981); State v. Dowling, 387 So.2d 1165 (La.1980); State v. Turner, 337 So.2d 1090 (La.1976); State v. Anderson, 332 So.2d 452 (La.1976).
We find that the bill of information, while not specifying the particular subsections of R.S. 14:43.4 with which the defendant would be tried, adequately informed the defendant of the nature and cause of the accusation against him and sufficiently comported with the requirements of La.C.Cr.P. art. 464. As stated, it was clear that only the first three subsections of R.S. 14:43.4 could apply to this case. Indeed, the state presented evidence and testimony at trial upon which the jury could have relied regarding all three of the first three subsections of R.S. 14:43.4. We therefore follow the standard as set by the Louisiana Supreme Court in State v. James, 305 So.2d 514 (La.1974), that where
an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.
Id. at 516-517.[1]
After a thorough review of the record, we find that the defendant was sufficiently informed of the charge against him in the bill of information and was not prejudiced by any defect in it at trial.

ASSIGNMENT OF ERROR NUMBER TWO
The State failed to carry its burden of proof as to the existence of each element of the crime of attempted aggravated oral sexual battery.

DISCUSSION
The constitutional standard for testing the sufficiency of the evidence is set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5 Cir.1990), writ denied, 569 So.2d 968 (La.1990).
At the trial on the merits, both the victim and the defendant agreed that the victim performed oral sex on the defendant. The defendant testified that the activity was consensual while the victim testified that she was forced. The question presented for the jury was whether the activity was without the lawful consent of the victim because it was committed under any one or more of the first three subsections of R.S. 14:43.4.
As part of its case against the defendant, the state offered the testimony of the victim. She testified at trial that in an effort to repel the defendant's advances, she fought him off by kicking and hitting him and told him that she did not want to have sexual contact with him. Additionally, the victim testified that the defendant's pit bull was near them in the *453 trailer and that it bared its teeth and growled at the victim while she was struggling with the defendant. The victim further testified that she believed that if she continued to struggle with the defendant, the dog would attack her. She also testified that she believed that the defendant could control the dog's behavior towards her and feared that he would command the dog to attack. Later in the trial, on the defendant's motion, the jury was able to view the dog.
Throughout the trial, the state presented arguments, testimony and evidence to the jury that the victim was prevented from resisting the defendant's sexual advances because the defendant overpowered her and/or because the defendant's pit bull was present. Considering the size and breed of the dog, along with its show of anger towards the victim when she resisted, the state argued that the jury could find that those circumstances met the requirements of R.S. 14:43.4(3), in that the defendant was armed with a dangerous weapon at the time of the encounter.
A dangerous weapon is defined in La. R.S. 14:2(3), which provides as follows:
"Dangerous weapon" includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm.
With regards to whether or not a dog can be considered a dangerous weapon under R.S. 14:2, this Court has previously held that "the dangerousness of the instrumentality because of its use is a factual question for the jury." State v. Munoz, 575 So.2d 848, 850 (La.App. 5 Cir.1991), writ denied, 577 So.2d 1009 (La.1991).
Based upon the testimony of the victim that the defendant overpowered her and that his pit bull growled and bared its teeth at her when she resisted, we find that there was sufficient proof, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt and support the defendant's conviction.

ERRORS PATENT DISCUSSION
Pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La. 1983), the record was reviewed for errors patent.
Initially, we note that the March 3, 1998 minute entry/commitment states that "[t]he Defendant was found GUILTY by a Jury on January 13, 1998 on count 1) 14:43.4 F III BATTERY/AGGRAVATED ORAL SEXUAL." It is clear from the transcript that the defendant was found guilty of the lesser included offense of attempted aggravated oral sexual battery. Therefore, the trial court is ordered to correct the March 3, 1998 minute entry/commitment to properly reflect defendant's conviction of attempted aggravated oral sexual battery.
Finally, we note that La.C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The trial court in this case did not so inform the defendant. The trial court is therefore ordered to send written notice of the prescriptive period to the defendant within ten days of the rendering of this Court's opinion, then file written proof in the record that the defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5 Cir.9/14/94) 643 So.2d 1289; State v. Procell, 626 So.2d 954 (La. App. 3 Cir.1993); State v. Sumlin, 605 So.2d 608 (La.App. 2 Cir.1992).
For the foregoing reasons, we affirm the defendant's conviction and the sentence imposed as amended. This matter is remanded to the district court for further action consistent with this opinion.
AFFIRMED AS AMENDED; REMANDED.
NOTES
[1] In later cases, the Louisiana Supreme Court expanded the application of this standard to cases in which the defendant did object to the bill of information prior to the verdict. See, for example, State v. Pichler, 355 So.2d 1302 (La. 1978).