822 So.2d 840 (2002)
STATE of Louisiana
v.
Barbara JOHNSON.
No. 02-KA-254.
Court of Appeal of Louisiana, Fifth Circuit.
June 26, 2002.
*842 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Holli Herrle-Castillo, Marrero, LA, Attorney for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The defendant pled guilty to theft of goods in violation of R.S. 14:67.1. She now seeks appellate review of her conviction and sentence.
On appeal the defendant argues her trial counsel was ineffective because he allowed her to plead guilty to a defective Bill of Information[1]. She contends that the Bill of Information was defective because it alleged that the victim of her theft was Macy's, while the police report indicates the victim was Dillard's. Defendant contends that she could be prejudiced by being prosecuted for the same crime twice.
When a defendant seeks reversal of a conviction based upon ineffective assistance of counsel, he must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Under Strickland it must be shown that counsel's performance was deficient and that this deficiency prejudiced the defendant. This two part test also applies to challenges to guilty pleas based upon ineffective assistance of counsel. State v. Washington, 491 So.2d 1337 (La. 1986).
Defendant has a constitutional right to be advised, in a criminal prosecution, of the nature and cause of the accusations against him. La. Const.1974, art. I, § 13. Code of Criminal Procedure article 464 provides: "The indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Bill of Information must contain all the elements of the crime intended to be charged in sufficient particularity to allow the defendant to prepare for trial, to enable the court to determine the propriety of the evidence that is submitted upon the trial, to impose the appropriate penalty on a guilty verdict, and to protect the defendant from double jeopardy. State v. Allen, 00-0194 (La.App. 4 Cir. 08/01/01), 793 So.2d 426, 433, citing State v. Comeaux, 408 So.2d 1099 (La.1981). When the name of the person injured is substantial and not merely descriptive, it shall be stated in the indictment. LSA-C.Cr.P. art. 473.
A defendant may not complain of technical insufficiency in an indictment for the first time after conviction, when the indictment fairly informed the accused of the charge against him and the defendant is not prejudiced by the defect. State v. Michels, 98-608 (La.App. 5 Cir. 1/13/99), 726 So.2d 449. The omission of an essential fact does not necessarily create a prejudicial error because such facts can be supplied during discovery, by a bill of particulars. State v. Allen, supra. For these reasons, after the verdict a defendant ordinarily cannot complain of the insufficiency of a Bill of Information "unless it is so defective that it does not set forth an *843 identifiable offense against the laws of this state and inform the defendant of the statutory basis of the offense." State v. Allen, 793 So.2d 426, 434.
In the present case, the Bill of Information alleged the defendant:
... violated R.S.14:67.10 in that they did commit a theft of goods, valued at more than $100.00 but less than $500.00 from Macy's ...
(Emphasis added).
The police report, which also appears in the record, indicates in pertinent part:
The above defendant (Johnson) was observed by Dillard's Loss Prevention concealing a `Kasper' suit by placing it inside of her purse....
(Emphasis added).
In order to prove the charge of theft of goods valued between $100.00 and $500.00, the following elements of the offense must be proven: (1) that defendant misappropriated or took, (2) a thing of value, (3) that belonged to another, and (4) that it was taken with an intent to deprive the owner permanently of that which was misappropriated or taken. State v. Parent, 01-50 (La.App. 5 Cir. 5/30/01), 788 So.2d 685, 689. The identity of the victim is not an essential element of this offense. There is no indication that C.Cr.P. art. 473 is applicable to this crime.
The defendant argues that she was prejudiced because she was impaired in defending against a "Macy's" charge. There is nothing in the record that would support defendant's allegation that she could not defend against this charge. The police report stated the identity of the correct victim and the Bill of Information is specifically identified with this police report and bears the item number for this report at the bottom of the Bill of Information ("Item Num. H-82180-01"). The defendant entered a plea to the charges and never indicated surprise during her extensive questioning prior to the plea's acceptance.
Defendant also alleges that the plea in this case would expose her to double jeopardy. This argument is without merit because the evidence of record in this matter, namely the police report identified with the Bill of Information, would preclude any future prosecution for the same crime wherein Dillard's was named as the victim.
We find that because the identity of the victim is not an essential element of this crime and because the item number of the police report is recorded on the Bill of Information, any defect in the Bill of Information concerning the identity of the theft victim is harmless. The bill alleged the essential elements of the offense. The transcript indicates that defendant was aware of the factual basis and charge to which she pleaded guilty. We find counsel's action in allowing defendant to plead guilty in this case was not unreasonable. The defendant has failed to satisfy the Strickland test, thus we see no merit to her argument regarding ineffective assistance of counsel.
The defendant also argues that the trial court erred in failing to rule on her Motion to Reconsider the Sentence and, in the alternative, claims the sentence is excessive. The record in this case clearly indicates that the defendant, with the assistance of counsel, pled guilty in a negotiated plea agreement. She agreed to plead guilty in exchange for the court's promise that her sentence would be three years, and that this sentence would be served concurrently with any other sentence she was serving. The record clearly indicates that she agreed to the sentence imposed upon her as a second felony offender before she entered her guilty plea and admitted the multiple offender allegations. A defendant cannot appeal a sentence imposed *844 in conformity with a plea agreement that the record indicates was set forth at the time of the plea. C.Cr. P. Art. 881.2A(2). Accordingly, these Assignments of Error are without merit.
The record was reviewed for errors patent in accordance with C.Cr. P. art. 920 and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). This review indicated that there is a conflict in the transcript and the commitment on the multiple offender sentence. The transcript does not specify that the sentence be served "at hard labor", but the commitment states the imprisonment is to be at hard labor. The penalty statute for this offense specifies that the sentence may be imposed with or without hard labor. When there exists a conflict between the transcript and the commitment, the transcript controls. State v. Lynch, 441 So.2d 732 (La.1983). Therefore, this matter is remanded to the district court for the limited purpose of correcting the commitment to conform with the transcript.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] The issue of ineffective assistance of counsel is generally addressed in an Application for Post-Conviction Relief, however, when the record contains sufficient evidence to rule on the merits of the claim, the issue may be considered on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982).