_y?ER CURIAM:
Writ granted; relief denied. The courts below correctly limited defense discovery related to the state’s DNA testing of samples provided by the defendant to the terms of La.C.Cr.P. art. 719, thereby rejecting the defendant’s broadly based supplemental requests for discovery of not only computer software programs and proprietary macros used in the testing but also information with regard to laboratory personnel, outside audits, and proficiency testing programs.
The state has provided defendant with a copy of the report from Reliagene Laboratory of its test results and indicated that material from the samples remains available for the defense to conduct an independent DNA test, which the trial court has ordered and for which it has set aside $1,500.00. The state has therefore discharged its discovery obligations as a matter of La.C.Cr.P. art. 719. Our orders in State v. Charles, 607 So.2d 566 (La.1992), after remand, 617 So.2d 895 (La.1993), do not compel a different result. We issued the orders in Charles and sanctioned defense discovery of the methodologies used in the DNA analysis and the data base used to make the statistical comparison before the | ¡.legislature amended La. C.Cr.P. art. 719 in 1997 La. Acts 1074 to add present subsection (B), which facilitates independent DNA testing by the defendant of samples remaining in the state’s possession, and before the Supreme Court decided Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786,125 L.Ed.2d 469 (1993), subsequently adopted by this Court in State v. Foret, 628 So.2d 1116 (La.11/30/93). The addition of subsection (B) to La.C.Cr.P. art. 719 reflects a considered judgment of the legislature that independent testing by the defendant of genetic material from the same sample analyzed by the state will afford the defense sufficient opportunity to determine the reliability of the test results obtained by the state’s expert, and a Dau-bert hearing, at which the state bears the burden of proving the admissibility of the particular DNA test results, provides the defense with an adequate opportunity to cross-examine the state’s expert and to address any particularized concerns regarding the methodology and protocols of the state’s laboratory. The defendant fails to show on the present record that the Due Process Clause requires any broader discovery than already provided by the state and ordered by the trial court.