PER CURIAM.
 
 [1]
 

 | iWrit granted; relief denied. We agree with the Fourth Circuit that the trial court erred in denying defendants’ motion for release or remand to the Department of Health and Hospitals pursuant to La. C.Cr.P. art. 648(B)(3), as amended by 2008 La. Acts 861, and therefore affirm the court of appeal’s order that the defendants are remanded “to the custody of the Department of Health and Hospitals for further proceedings consistent with the current La.Code Crim. Proc. art. 648(B)(3).”
 
 State v. Morgan, et al.,
 
 09-1395, p. 11 (La.App. 4th Cir.6/23/10), 44 So.3d 292.
 

 However, the 2008 amendment of art. 648 did not by implication repeal R.S. 13:1336(0(2), 2005 La. Acts 174, which provides the Criminal District Court in Orleans Parish with exclusive jurisdiction over civil commitment proceedings involving defendants found by that court, in the exercise of its criminal jurisdiction, incompetent to stand trial, not likely to regain their competency, and who are a danger | ato themselves or others.
 
 Cf. State v. Piazza,
 
 596 So.2d 817, 819 (La.1992)(“[T]here is a presumption against implied repeal, based on the theory that the legislature envisions the whole body of law when it enacts new legislation.”). In that same act, the legislature also enacted R.S. 13:1338(A), authorizing transfer of any pending commitment proceeding filed in Civil District Court in Orleans Parish, involving a defendant charged in pending criminal cases in the Criminal District Court found to be permanently incompetent and a danger to themselves or others, to the Criminal District Court, to “hear and dispose of the case with the same legal effect as if it had been instituted in that court in the first instance.” The legislature thereby gave the Criminal District Court in Orleans Parish limited civil jurisdiction and venue to conduct commitment proceedings under Title 28 of the Louisiana Revised Statutes of 1950.
 

 The legislature has set a date specific for repeal of R.S. 13:1336 and R.S. 13:1338 in their entirety, December 31, 2014, also the effective date of 2006 La. Acts 621, consolidating the civil and criminal district courts in Orleans Parish. In the interim, any civil commitment proceedings involving those permanently incompetent defendants who are a danger to themselves or others, as determined by the Criminal District Court exercising its jurisdiction over pending criminal cases, shall be instituted by the Department of Health Hospitals, pursuant to the provisions of Title 28, in the Criminal District Court for Orleans Parish, exercising its limited civil jurisdiction over such proceedings as a matter of R.S. 13:1336(0(2).
 

 [1]
 

 . Kimball, C.J., not participating.