PER CURIAM.
 
 [1]
 

 |, Writ granted; relief denied. The court of appeal erred when it dismissed relator’s application as untimely based on the time lapse between his post-conviction discovery of the discrepancy in the trial transcripts and the filing of his application for post-conviction relief. “The exception to the [two]-year time bar provided by La. C.Cr.P. art. 930.8(A)(1) for claims based on facts ‘not known to the petitioner or his attorney’ imposes no express diligence requirement on the inmate and remains subject only to the laches-like provisions of La.C.Cr.P. art. 930.8(B), which authorize the dismissal of any timely-filed application or one filed under any of the statutory exceptions to the time bar when the state shows that delay has prejudiced its ability to respond to the application as the result of events not within its control....”
 
 Carlin v. Cain,
 
 97-2390 (La.3/13/98), 706 So.2d 968. While the intervening death of relator’s trial attorney may have qualified as an event prejudicing the state’s ability to rebut the allegations in the | ^.petition, dismissal of the application on that basis may occur only “after a hearing limited to that issue” in the district court. La.C.Cr.P. art. 930.4(B).
 

 
 *1110
 
 Nonetheless, under either version of the trial transcript, relator fails to show that he was denied the right to testify under the standards set forth in
 
 State v. Hampton,
 
 00-0522, pp. 14-15 (La.3/22/02), 818 So.2d 720, 729-30 (inmate must “allege specific facts, including an affidavit from counsel” and point to record evidence to support his claim).
 
 See also
 
 La.C.Cr.P. art. 930.2. Accordingly, relator shows no grounds for substantive relief.
 

 [1]
 

 . Chief Justice Catherine Kimball, not participating.