PER CURIAM.
11Writ granted; relief denied. Established jurisprudence of this Court grants district judges the discretion to allow or to refuse amendment of timely filed but not *1046 yet ruled-on applications for post-conviction relief. See, e.g., State ex rel. Foy v. Whitley, 92-1281 (La.10/6/95), 661 So.2d 455. Thus, to the extent that the trial judge exercised that discretion to allow the supplemental filing, the court of appeal erred in finding that the application is untimely under La.C.Cr.P. art. 930.8 and State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
Nonetheless, relator’s underlying claims lack merit. Relator shows no error in the district court’s conclusion that the allegedly withheld physical evidence was cumulative to the testimony of the state’s forensic expert and thus shows no violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). See United States v. Zuazo, 243 F.3d 428, 431 (8th Cir.2001) (no Brady violation when prosecution “does not disclose a potential source of evidence but the evidence available from that source is cumulative of evidence already available to the defendant....”); United States v. Quintanilla, 25 F.3d 694, 699 (8th Cir.1994)2 (no Brady violation when prosecution does not disclose some cumulative evidence, but “substantial” other evidence on same point does reach jury).
In addition, relator fails to carry his burden of proof post-conviction of showing that counsel erred under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this Court in State v. Washington, 491 So.2d 1337, 1339 (La.1986). See La.C.Cr.P. art. 930.2.
Accordingly, relator presents no grounds for relief.