PAUL A. BONIN, Judge.
11 Sadie Brown was a guest passenger on an all-terrain vehicle when Daphne Cola, a pedestrian, was struck and killed by the ÁTV. The district attorney formally charged Ms. Brown with manslaughter. In response to Ms. Brown’s application for a bill of particulars, the prosecution informed her that she was accused as a principal (along with the vehicle’s driver) in the perpetration of at least one of three felonies, none of which are enumerated in the murder statutes, and are thus eligible as felony predicates under a subsection of the manslaughter statute in the event of death resulting therefrom.
Based upon the bill of information and the bill of particulars, and relying upon State v. Legendre,[1] Ms. Brown filed a motion to quash, contending that there was no set of facts which could support a conviction for manslaughter. Following ’ a hearing, the trial judge denied the motion, and Ms. Brown applied to us for supervisory review. We requested supplemental briefing and heard oral arguments from .counsel. We also stayed proceedings in the district court pending our further orders.
li>We grant Ms. Brown’s application. But because we find that the proof of the elements of the offense of manslaughter, under the subsection charged, is highly fact-intensive and not susceptible to resolution on a motion to quash, we deny relief. We also lift the stay previously entered by us.
*764 We explain our decision and disposition in the Parts which follow.
I
Ms. Brown was a passenger on an ATV when the driver struck and killed a pedestrian. Thereafter, she and the driver left the scene. The prosecution charged her with felony-manslaughter under La. R.S. 14:31 A(2)(a),[2] and, in its answer to defendant’s motion for bill of particulars, alleged three separate offenses to serve ás the predicate felony: 1) illegal possession of stolen things; 2) hit-and-run driving; and 3) obstruction of justice. Ms. Brown subsequently Hied a motion to quash based on the failure to state an offense. See La. C.Cr.P. art. 485 (Effect of inconsistent or limiting allegations of bill of particulars); see also La.C.Cr.P. art. 532(5) (One of the grounds for basing a motion to quash is that “[a] bill of particulars has shown a ground for quashing the indictment under Article 485.”). The crux of her argument was that none of the three alleged felonies could legally be used as a predicate felony for manslaughter. The trial judge denied the motion and the instant writ application followed.
A
If an indictment fails to charge a valid offense, it is defective and “its invalidity may be declared by a ruling on a motion to quash, for a motion [sto quash may be based on the ground that the indictment fails to charge an offense which is punishable under a valid statute.” Legendre, 362 So.2d 570, 571 (1978). When considering a motion to quash filed under La.C.Cr.P. art. 485, “th.e court must accept as true the facts contained in the. bill of information and the bills of particulars and decide whether or not a crime has been charged.” State v. Schmolke, 12-0406, p. 3 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298 (citations omitted). The determination by the trial judge whether to grant or deny a motion to quash is solely a question of law and therefore any defenses on the merits are not valid grounds for quashal. See State v. Byrd, 96-2302, pp. 18-19 (La. 3/13/98), 708 So.2d 401, 411; see also Franklin. Accordingly, we review the trial judge’s legal ruling under a de novo standard. See State v. Hall, 13-0453, p. 11 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 38-39; cf. State v. Tran, 12-1219, p. 2, n. 3 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673 (rulings on motions to quash involving mixed questions of law and fact are reviewed under an abuse-of-discretion standard).
B
Ms. Brown is charged under that provision of the manslaughter statute, sometimes referred to the felony-manslaughter provision, which states in pertinent, part that “Manslaughter is ... [a] homicide committed without any intent to cause death or great bodily harm [ ] when the offender is engaged in the perpetration of any felony not enumerated in'Article 30 or 30.1....” La. R.S. 14:31 A(2)(a) (emphasis added). Thus, notably, Ms. Brown is not charged with a crime which requires the specific intent to kill. See State v. Brumfield, 329 So.2d 181, 189-90 (La. 1976). But the prosecution must prove that the homicide was committed when the defendant was in perpetration or attempted perpetration of any felony not enumerated in La. R.S. 14:30 (First degree murder) or 14:30.1 (Second degree Umurder). See id. And all of the alleged felony of *765 fenses specified in the bill of particulars in this case are not enumerated felonies in the murder statutes. See La. R.S. 14:69 (Illegal possession of stolen things); La. R.S. 14:100 (Hit-and-run driving); La. R.S. 14:130.1 (Obstruction. of justice). Thus, each of these specified felonies qualifies as. a “predicate felony” for the manslaughter charge. See State v. Anseman, 607 So.2d 665, 668 (La.App. 5 Cir.1992). The bill of particulars also specified that Ms. Brown was being charged as a principal to the predicate felonies. See La. R.S. 14:23(1) and 24[3] (defining principals).
We specially emphasize, however, that although La. R.S. 14:31 A(2)(a), the felony-manslaughter provision, does not specifically set forth a causal requirement between the underlying or predicate felony and the death, such an essential element must be read into the statute. The Louisiana Supreme Court has held that, in a prosecution for felony-manslaughter, the prosecution is still required to prove that the “defendant’s condúct was a legal cause of the killing.” See State v. Kalathakis, 563 So.2d 228, 231-33 (La.1990).[4] The Court has also found that a “causal relation between the defendant’s conduct and the harm for which the prosecutor | (¡seeks to impose criminal sanctions is an essential element of every crime.” Id; see also State v. Kenny, 11-1819, pp. 8-9 (La.App. 4 Cir. 5/29/13), 116 So.3d 992, 997. Noting that the underlying felony and unlawful killing must somehow be related, the Court in State v. Myers found that the prosecution had to prove the defendant and his -co-perpetrator were engaged in the perpetration of a felony not enumerated in La. R.S. 14:30 or 14:30.1 and that the victim was killed in furtherance of the commission of this felony. See Myers, 99-1849, p. 9 (La.4/11/00), 760 So.2d 310, 316.
Importantly for our purposes here, this issue of causation is a question of fact to be determined by the fact-finder, however, and therefore not properly disposed of by a motion to quash. See Kalathakis, 563 So.2d at 231; Kenny, 11-1819, p. 8, 116 So.3d at 997 (“Causation is a question of fact which has to be considered in the light of the totality of circumstances surrounding the ultimate harm and its relation to the actor’s conduct.”); see also La.C.Cr.P. art. 532 (setting forth the grounds for a motion to quash). Additionally, whether the prosecution can’ meet its burden of proof to establish that Ms. Brown was in perpetration of any of the three alleged felonies at the time of the *766 victim’s death is also an issue for trial. See Franklin, 13-0488, p. 5,126 So.3d 663, 667 (“the prosecution’s ability to meet its factual burden of proof at trial is a factual matter going to the merits of the charge and should not be a sufficient ground to quash a bill of information”); see also State v. Jordan, 97-1756, pp. 7-8 (La.App. 4 Cir. 9/16/98), 719 So.2d 556, 563 (allegation that evidence was insufficient to support charge of first degree murder was not properly raised in motion to quash).
| (¡Moreover, the rule in Legendre is inapplicable to the instant case. The Louisiana Supreme Court in Legendre found that a concrete parking lot did not constitute a “dangerous weapon” for purposes of an aggravated battery charge. See La. R.S. 14:34 A (“Aggravated battery is a battery committed with a dangerous weapon.”). The Court then held that the motion to quash should be granted because the bill of information alleged facts “which [could not] conceivably satisfy an essential element of the crime.” Legendre, 362 So.2d at 571. Here, unlike in Legendre, the prosecution has not attempted to improperly extend the definition of an essential element. As noted above, under the plain language of La. R.S. 14:31 A(2)(a), “any” non-enumerated felony may serve as a predicate offense. Accepting as true the facts contained in the bills of information and particulars, the prosecution has alleged three felonies which, if all the essential elements of any one of them are proven, could conceivably satisfy an essential element of felony-manslaughter (the other essential elements being the killing of a human being and the causation). See Schmolke, 12-0406, p. 3, 108 So.3d at 299.
Ms. Brown’s arguments in support of her motion to quash are misdirected in that she presents defenses on the merits and claims that the prosecution will not be able to carry its burden of proof at trial. If Ms. Brown seeks to challenge the sufficiency of the prosecution’s evidence, she may do so on appeal, should she be convicted. See generally La. Const, art. I, § 19. At this stage, however, she does not present any valid grounds to disturb the trial judge’s denial of her motion to quash.
II
In this Part, we explain our use of the writ disposition “writ granted; relief denied.”
|7We acknowledge that this disposition of a writ application has been criticized. See State v. Murphy Oil USA Inc., 04-2648 (La.1/14/05), 892 So.2d 569 (Calogero, C.J., concurring). And we also concede that such disposition ought to be sparingly used and never as a writ denial in disguise. The purpose of granting the writ, even though we are denying relief, is because a ruling on the merits does not have precedential value unless the appellate court decides to grant the writ and exercise its supervisory jurisdiction. See Johnson v. Mike Anderson’s Seafood, Inc., 13-0379, pp. 5-6 (La.App. 4 Cir. 6/11/14), 144 So.3d 125, 130 (“An appellate court cannot affirm, modify, or reverse a decision by a lower court without granting an application for supervisory review.”). See also Toston v. Pardon, 02-0451 (La.2/13/02), 809 So.2d 973 (“writ grants.. .with reasons do have prece-dential effect, and guide trial judges and trial attorneys in future matters”) (Caloge-ro, J., dissenting). Conversely, the denial of a writ does not constitute “law of the case” and therefore does not bar subsequent relitigation of the same issue. See State v. Fontenot, 550 So.2d 179 (La.1989) (a denial of supervisory review “does not bar consideration on the merits of the issue denied supervisory review”); State v. Fields, 2013-1493, p. 35, n. 6 (La.App. 4 Cir. 10/8/14), 151 So.3d 756, 778 (law of the *767 case does not apply when appellate court denies a writ); State v. Davis, 09-0438, pp. 12-13 (La.App. 4.Cir. 1/13/10), 30 So.3d 201, 208-09 (same).[5]
Moreover, we have previously found that the law-of-the-case doctrine is not applicable to a writ denial, even when the denial is accompanied by language | ¡^purporting to rule on the merits of the issue. See e.g., State v. Ellis, 13-1401, pp. 24-26 (La.App. 4 Cir. 2/4/16), 161 So.3d 64, 78-80 (court of appeal denied writ, finding “that the trial court did not err in denying the relator’s motion to recuse”; on appeal, court considered same issue, finding prior writ denial did not constitute law of the case); Johnson, 13-0379, p. 6, 144 So.3d at 130 (finding that law of the case would not apply to prior writ denials even if the writs had addressed the issue of admissibility of evidence). See also Davis v. Jazz Casino Co., 03-0276 (La.6/6/03), 849 So.2d 497, 498 (any language in an appellate court’s writ denial purporting to rule on the merits of the lower court’s actions “is without effect”).
Despite this clear and sensible jurisprudential rule, we sometimes have applied the law-of-the-case doctrine tp- our prior writ denials if the language accompanying the denial suggests a ruling on the merits. See State v. Berniard, 14-0341, p. 23 (La. App. 4 Cir. 3/4/16), 163 So.3d 71, 87 (upon a finding that it had previously denied writ application “on the merits,” court applied law of the case and declined to revisit issue); State in interest of A.S., 13-0144 (La.App. 4 Cir. 7/24/13), 156 So.3d 96 (denial of writ where court found no abuse of trial court’s discretion warranted application of law-of-the-case doctrine); State v. Golden, 11-0735, pp. 12-13 (La.App. 4 Cir. 6/23/12), 96 So.3d 522, 530-31 (court denied writ application “on the merits”; subsequently applied law-of-the-case doctrine to same issue); State v. Molineux, 11-0275, p. 3 (La.App. 4 Cir. 10/19/11), 76 So.3d 617, 619 (same). Cf. Tsatsoulis v. City of New Orleans, 99-2544 (La.App. 4 Cir. 8/30/00), 769 So.2d 137, 138 (“if we merely deny a writ | application, without considering the substance of the issue raised ... then there is no ‘decision’ as to that issue to be given effect as the law of the case”).
But, because we are mindful of the well-established rule that the denial of a writ does not have any legal effect and because we. intend to rule on the merits of the issue raised by Ms. Brown, we have purposely decided to exercise our supervisory jurisdiction and have granted Ms. Brown’s writ application notwithstanding that our ruling results in the denial of relief.[6]
*768 Accordingly, we grant the instant writ application, but conclude that the trial court did not err by denying Ms. Brown’s motion to quash; this issue now constitutes “law of the case.”[7]
DECREE
The writ application is granted. The relief relator seeks is denied. We find no error in the trial judge’s denial of Ms. Brown’s motion to quash.
WRIT GRANTED; RELIEF DENIED

. 362 So.2d 570 (La.1978).

. This section of the statute provides that manslaughter is a homicide committed without any intent to cause death or great bodily harm "[w]hen the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1.”

. La. R.S. 14:24 reads:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly or indirectly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.

. Ms. Kalathakis and the victim were involved in the manufacture of methamphetamine. Upon realizing police were approaching, the victim ran from the mobile home, fleeing one-quarter of a mile into the woods. He then turned around and shot an officer; the other officers returned fire and killed him. Ms. Kalathakis was subsequently arrested inside the mobile home. The prosecution charged her with felony-manslaughter of her co-perpetrator, with the underlying felony being the attempted manufacture of methamphetamine. The Louisiana Supreme Court found that the defendant’s conduct in attempting to produce methamphetamine was not a substantial factor in her co-perpetrator's killing by police, nor was the killing reásonably foreseeable by defendant when she attempted to manufacture drugs. The Court also found that the victim’s flight from police and his shooting at an officer were intervening acts “which weakened any causal relationship between defendant’s manufacturing of drugs and the killing.” Notably, the Court specifically declined to apply “but for” causation, appearing to find it overly broad. See Kalathakis, 563 So.2d at 231-33.

. The policy reasons behind the law-of-the-case doctrine include: (i) avoiding re-litigation of the same issue, (ii) promoting consistency of result in the same litigation, and (iii) promoting efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. See Bank One, Nat. Ass’n v. Velten, 04-2001 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 459, writ denied, 06-0040 (La.4/28/06), 927 So.2d 283.

. The use of our dispositional language in the instant writ is reinforced by the Supreme Court’s use of the same language in cases deserving of notable clarifying or distinguishing legal or factual elements. See, e.g., State v. Alexander, 14-0401 (La. 11/7/14), 152 So.3d 137 (per curiam): State v. Wilkins, 13-2539 (La. 1/15/14), 131 So.3d 839 (per curiam); State ex rel. Benn v. State, 11-2418 (La.6/22/12), 90 So.3d 1045 (per curiam); State ex rel. Sellers v. State, 11-1673 (La.4/20/12), 85 So.3d 1232; State ex rel. Hills v. State, 10-0168 (La.2/11/11), 54 So.3d 1109 (per curiam); State ex rel. Buller v. State, 10-0203 (La. 1/14/11), 56 So.3d 951; State v. West, 09-2810 (La.12/10/10), 50 So.3d 148 (per curiam); State v. Morgan, 10-1728 (La. 11/19/10), 48 So.3d 274 (per curiam); State v. Williams, 05-1556 (La.2/17/06), 921 So.2d 105 (per curiam); State v. Franklin, 03-3072 (La.4/23/04), 872 So.2d 1051 (per curiam).

. We note, however, that the law-of-the-case doctrine is not a hard and fast rule. Appellate courts should not apply it in cases of palpable error or where manifest injustice would occur. See Scott v. American Tobacco Co., Inc., 09-0461, p. 5 (La.App. 4 Cir. 4/23/10), 36 So.3d 1046, 1051.