PER CURIAM:
Writ granted. In 2004, an Orleans Parish jury found petitioner guilty as charged of manslaughter, and the trial court later sentenced him as a third-felony offender to 30 years imprisonment at hard labor. The conviction and sentence were affirmed on direct review. See State v. Cuccia , 05-0807 (La. App. 4 Cir. 3/15/06), 933 So.2d 134, writ denied , 06-0903 (La. 10/27/06), 939 So.2d 1273.
In 2007, petitioner filed in the district court a timely application for post-conviction relief, which he supplemented in 2015 with the district court's approval. See State ex rel. Benn v. State , 11-2418 (La. 6/22/12), 90 So.3d 1045, 1045-46 ("Established jurisprudence of this Court grants district judges the discretion to allow or to refuse amendment of timely filed but not yet ruled-on applications for post-conviction relief."). As supplemented and amended, petitioner's application asserts six claims of ineffective assistance of counsel and one claim of cumulative error.
In 2018, one year after it conducted a two-part evidentiary hearing, the district court issued a brief order which set forth no factual findings and denied only one of petitioner's claims of ineffective assistance of counsel. Petitioner unsuccessfully sought supervisory writs in the court of appeal. See State v. Cuccia , 18-0624 (La. App. 4 Cir. 9/19/18) (unpub'd).
Petitioner now correctly argues that the district court erred in failing to address the five outstanding claims of ineffective assistance of counsel. Further, the district court's lack of factual findings renders the addressed claim unreviewable.
The matter is thus remanded to the district court for a full and complete ruling on the merits of all the claims raised in petitioner's application for post-conviction relief, as supplemented, including for the district court to make specific and detailed factual findings in support of its ultimate legal conclusions. Following that ruling, either party may seek supervisory writs from an adverse disposition. See La.C.Cr.P. art. 930.6.
REMANDED