STATE OF LOUISIANA

VERSUS

T.E.

NO. 23-K-596

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

January 10, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** T.E.

**APPLYING FOR** SUPERVISORY WRIT FROM THE JEFFERSON PARISH JUVENILE COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JENNIFER G. WOMBLE, DIVISION "A", NUMBER 23-JU-327

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

**WRIT GRANTED IN PART; DENIED IN PART**

Relator-juvenile, T.E., seeks review of the juvenile court's denial of his "Motion to Quash and Dismiss the Petition" and his "Motion for a Bill of Particulars." For the following reasons, we grant the writ, in part, and reverse the juvenile court's denial of T.E.'s motion for a bill of particulars as to count two. In all other respects, the writ is denied.

On July 19, 2023, the State filed a petition charging juvenile, T.E., with obstruction of justice in violation of La. R.S. 14:130.1 (count one) and manslaughter of E.R., a minor, in violation of La. R.S. 14:31(A)(2)(a) (count two).

On October 30, 2023, T.E. filed a "Motion for a Bill of Particulars," asserting that the petition did not adequately provide notice to T.E. of the allegations against him under either charge. Specifically, as to count two under La. R.S. 14:31(A)(2)(a)[1], T.E. asserted

---

[1] La. R.S. 14:31(A)(2)(a) provides that manslaughter is "[a] homicide committed, without any intent to cause death or great bodily harm" and "[w]hen the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person."

23-K-596

that the petition did not adequately state, as required under La. R.S. 14:31(A0(2)(a), which felony or intentional misdemeanor the juvenile allegedly perpetrated at the time of the homicide.[2] On November 28, 2023, the defense filed a "Motion to Quash and Dismiss the Petition," contending that the State's petition is unduly vague and does not provide the juvenile with sufficient notice of the charged crimes in order to prepare a defense. On November 28, 2023, the State filed an "Objection and Incorporated Memorandum in Response to Defendant's Motion for Bill of Particulars," declining to answer and contending that the State's open-file discovery satisfied any need for further specificity in the petition.

Following a hearing on both motions, the juvenile court granted the motion for a bill of particulars, in part, as to the obstruction of justice charge. However, the court denied T.E.'s Motion for a Bill of Particulars as to the manslaughter charge (count two). The juvenile court found that "open file discovery has been rendered and satisfies the need for a bill of particulars as there is no doubt that the death of the victim is the basis for that charge." For the same reasons, the juvenile court also denied the motion to quash as to the manslaughter charge. The court further determined that the motion to quash as to the obstruction of justice charge would be premature, given the court's order granting the motion for a bill of particulars as to that count.

T.E. filed the instant writ application, seeking review of the denial of the motion to quash as to both counts and the motion for a bill of particulars as to count two, the manslaughter charge, contending that the petition does not provide sufficient notice to prepare an adequate defense to the manslaughter charge under La. R.S. 14:31(A)(2)(a).

In this writ application, T.E. asserts that, in order to allow him to properly prepare an adequate defense to the charges, the State should be required to provide or state the underlying felony or intentional misdemeanor directly affecting the victim, which the

---

[2] T.E. also filed a motion for a bill of particulars as to count one, which the trial court granted, ordering the State to file a bill of particulars as to that charge. That ruling is not before us in this writ application.

2

State is required to prove at trial under the manslaughter statute, La. R.S. 14:31(A)(2)(a). The defense argues that the Petition does not provide sufficient notice as to what acts T.E. allegedly committed that constitute the necessary elements of the charge. The defense further contends that open file discovery cannot be used as a substitute for a bill of particulars, citing La. C.Cr.P. art. 485 and La. Ch.C. art. 870.

The time for testing the sufficiency of an indictment or bill of information is before trial by way of a motion to quash or an application for a bill of particulars. *State v. Robinson*, 22-310 (La. App. 5 Cir. 4/12/23), 361 So.3d 1107, 1118. The Louisiana Supreme Court has recently stated:

> La. Const. Art. I, § 13 requires the State to inform the accused in a criminal prosecution of the nature and cause of the accusation against him. The State may provide that information in the indictment alone, or in its responses to a defense request for a bill of particulars. *State v. Gainey*, 376 So.2d 1240, 1242-43 (La. 1979). The purpose of the bill of particulars is to inform the accused more fully of the nature and scope of the charge against him so that he will be able to defend himself properly and to avoid any possibility of ever being charged again with the same criminal conduct. *State v. Marcal*, 388 So.2d 656 (La. 1980); *State v. Rogers*, 375 So.2d 1304 (La. 1979).
>
> \*　　\*　　\*
>
> In *State v. Miller*, 319 So.2d 339 (La. 1975), this court set forth some of the factors to be considered in determining whether a defendant was given all of the information to which he is constitutionally entitled:
>
> The state is required, upon defendant's motion, to provide a criminal defendant with enough information so that he can identify the criminal transaction. There is no exact formula which can be applied to every charge to determine in a particular case whether a defendant has all of the information to which he is constitutionally entitled. In general, however, the extent to which the bill should be granted turns on the complexity of the case. If the crime is a single event, such as a murder, the scope of the bill will be less extensive than it will be if the crime involved is a series of occurrences, such as tax fraud or bootlegging. When a crime charged may be committed in a number of different ways, this Court has always recognized the accentuated need for the state to furnish particulars. Likewise, when the crime involves not a single occurrence but a series of occurrences, the state must supply enough information so that the accused can identify each criminal transaction.

*State v. Robinson,* 20-01389 (La. 3/9/21), 312 So.3d 255, 256, citing *State v. Miller*, 319 So.2d 339, 342–43 (citations omitted).

3

Generally, open file discovery relieves the State of the necessity of answering a motion for a bill of particulars. *State v. Robinson*, 22-310 (La. App. 5 Cir. 4/12/23), 361 So.3d 1107, 1119. However, open file discovery cannot be used as a substitute for a bill of particulars for purposes of La. C.Cr.P. art. 485. *State v. Joekel*, 19-334 (La. App. 5 Cir. 12/20/19), 2019 WL 7044739, *writ denied, stay denied*, 20-00086 (La. 1/14/20), 286 So.3d 430.

La. C.Cr.P. art. 465 authorizes the use of specific short form indictments in charging certain offenses, including manslaughter. *See* La. C.Cr.P. art. 465(A)(33). When a short-form indictment is used, it is intended that a defendant may procure details as to the statutory method by which he committed the offense through a bill of particulars. La. C.Cr.P. art. 465, Official Revision Comment (a); *State v. Chairs*, 12-363 (La. App. 5 Cir. 12/27/12), 106 So.3d 1232, 1241, *writ denied sub nom. State ex rel. Chairs v. State*, 13-306 (La. 6/21/13), 118 So.3d 413.

Pursuant to La. Ch.C. art. 870, the juvenile court may require the district attorney to furnish a bill of particulars setting forth more specifically the nature and cause of the allegations charging that the child committed a delinquent act. The purpose of the bill of particulars is to inform the accused more fully of the nature and scope of the charge against him so that he will be able to defend himself properly.

Concerning the motion to quash, the governing statutes contemplate that the State first be given the opportunity to cure any defect in the petition prior to the dismissal of a petition. See La. C.Cr.P. art. 485; La. Ch.C. art. 871. La. Ch.C. art. 871 states:

> A. The court shall dismiss the petition unless its defects are cured by a supplemental bill of particulars if it finds from the bill of particulars and the petition either that:
> (1) No delinquent act cognizable under the provisions of this Code was committed.
> (2) The child named in the petition did not commit the delinquent act charged.
> B. The defect will be cured if the district attorney furnishes, within a period fixed by the court, not to exceed three days from the order, another bill of particulars which either by itself or together with any particulars appearing in

the petition so states the particulars as to make it appear that the offense charged was committed by the defendant.

C. If the district attorney fails to furnish a sufficient bill of particulars when ordered to do so by the court, the court may dismiss the petition.

Based upon the clear statutory language, La. Ch.C. art. 870 contemplates that before granting a motion to quash, a juvenile court must first give the State an opportunity to cure the defect. See also *Joekel*, *supra*. Further, the trial judge's denial of a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion. *State v. Love*, 00-3347 (La. 5/23/03), 847 So.2d 1198, 1208; *State v. Jones*, 15-500 (La. App. 5 Cir. 12/23/15), 182 So.3d 1218, 1221.

In the instant case, the State filed a petition against T.E. charging him with obstruction of justice in violation of La. R.S. 14:130.1 (count one) and manslaughter of E.R., a minor, in violation of La. R.S. 14:31(A)(2)(a) (count two). In this case, a short-form indictment was used. When a short-form indictment is used, it is intended that a juvenile may procure details as to the statutory method by which he committed the offense through a bill of particulars. See La. Ch.C. art. 870.

To prove manslaughter as charged under La. R.S. 14:31(A)(2)(a), the State must prove that T.E. committed homicide without any intent to cause death or great bodily harm, but also when "engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person." A bill of information or indictment "must contain all the elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial." *State v. Johnson*, 02-254 (La. App. 5 Cir. 6/26/02), 822 So.2d 840, 842. At the hearing on T.E.'s motion, defense counsel asserted that she had reviewed all open file discovery provided by the State and could not determine after that review what underlying felony or intentional misdemeanor directly affecting the person was, that the motion for a bill of particulars filed in this case is the first motion for a bill of particulars

she has ever filed in her practice, and that she could not adequately prepare a defense based upon the information provided in the petition.

Upon review of the writ application and attachments thereto, we find that the juvenile court abused its discretion in denying T.E.'s "Motion for a Bill of Particulars" as to the felony manslaughter charge under La. R.S. 14:31(A)(2)(a). We find that under the facts of this case, the State is required to provide additional information to give notice to the defense of the underlying felony (or felonies), or the applicable misdemeanor(s).  See *State v. Smith*, 14-213 (La. App. 4 Cir. 12/17/14), 156 So.3d 1227, *writ denied*, 15-94 (La. 11/30/15), 182 So.3d 43, and *State v. Brown*, 15-855 (La. App. 4 Cir. 10/21/15), 176 So.3d 761, 765, *writ denied*, 15-2250 (La. 2/5/16), 186 So.3d 1167.  Accordingly, we grant the writ, in part, and reverse the juvenile court's denial of the motion for a bill of particulars as to count two, manslaughter.  At this time, however, we do not find that the juvenile court abused its discretion in denying T.E.'s motion to quash and dismiss the petition.  Therefore, in all other respects, this writ is denied.

Gretna, Louisiana, this 10th day of January, 2024.

**FHW**
**SMC**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/10/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-596**

### E-NOTIFIED
Juvenile Court (Clerk)
Honorable Jennifer G. Womble (DISTRICT JUDGE)
Douglas E. Rushton, Jr. (Respondent)          Ashwini Velchamy (Relator)

### MAILED
Denise G. Larson (Relator)
Attorney at Law
848 2nd Street
3rd Floor
Gretna, LA 70053

SECURITY

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Denise G. Larson
848 2nd Street
3rd Floor
Gretna, LA 70053
23-K-596                    01-10-24

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2434 6249 3567 50

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 8520

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt