589 So.2d 53 (1991)
STATE of Louisiana
v.
Ricardo A. CARMOUCHE.
No. KA 90 1374.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*54 Bryan Bush, Dist. Atty., Office of the Dist. Atty., by Don Hall, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
The defendant, Ricardo A. Carmouche,[1] was charged by bill of information number X-XX-XXXX with armed robbery, a violation of LSA-R.S. 14:64. Pursuant to a plea bargain agreement, the defendant pled guilty to the responsive offense of first degree robbery, a violation of LSA-R.S. 14:64.1 The defendant had also been charged with armed robbery in bill of information number X-XX-XXXX. In accordance with the plea agreement, the defendant also pled guilty to the responsive offense of first degree robbery under bill number 1-9-1287. In exchange for these two guilty pleas, the State nol-prossed a third bill of information charging the defendant with armed robbery and agreed not to further prosecute any other charges against the defendant. Pursuant to the plea agreement, the trial court sentenced the defendant to ten years at hard labor, without benefit of parole, probation, or suspension of sentence. The defendant also received a concurrent sentence of ten years at hard labor, without benefit of parole, probation, or suspension of sentence, for the other first degree robbery conviction. That conviction was separately appealed. See State v. Carmouche, 589 So.2d 56 (La.App. 1st Cir.1991) also decided this date. The defendant has appealed, alleging two assignments of error, as follows:
1. The trial court erred in denying defendant's motion to withdraw his guilty plea.
2. The trial court erred in imposing an excessive sentence and in failing to *55 comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
Because there was no trial, the following information is derived from the combined hearing on the defendant's motion for preliminary examination, motion to suppress, and motion for bond reduction, which took place on March 15, 1990. On November 27, 1989, the defendant confronted the victim, Marilyn Pierce, outside the rear of Jay Crow Realty, produced a large caliber handgun, and robbed her of her car, a BMW. The defendant was later apprehended in LaPlace, Louisiana, in the stolen BMW. He made a statement to Baton Rouge Police Sergeant R.E. Thompson admitting that he committed this offense; he stated that he was actually armed with a BB gun, which was a replica of a .257 magnum. Subsequently, the victim identified the defendant's picture from a photographic lineup.

ASSIGNMENT OF ERROR NO. ONE:
In this assignment of error, the defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. He also contends that the trial court should have conducted a hearing on the motion before denying it.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. LSA-C.Cr.P. art. 559 A. Under this article a defendant has no absolute right to withdraw a previously entered plea of guilty. State v. Mangano, 464 So.2d 1032 (La.App. 1st Cir.1985). The trial court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Hebert, 506 So.2d 863 (La.App. 1st Cir.1987).
Immediately before sentencing, defense counsel informed the trial court that the defendant wished to withdraw his guilty plea and go to trial. Apart from this statement, the defense offered no other reasons for the motion. The State objected, noting that there had been no defects in the guilty plea proceedings. The trial court denied the motion. For the reasons which follow, we conclude that the trial court did not err in denying the defendant's motion to withdraw his guilty plea.
The transcript of the Boykin examination reveals that the trial court carefully explained the elements of first degree robbery, the defendant's sentencing exposure, and the rights which the defendant was waiving by pleading guilty. The defendant stated that he was eighteen years of age, that he could read and write, and that he understood the nature of the proceedings. We are convinced that the defendant knowingly and voluntarily entered this plea with a full understanding of the consequences.
A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Thornton, 521 So.2d 598 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988). There is no legal basis for the withdrawal of the defendant's guilty plea. Neither at the time the defendant requested withdrawal of his plea nor in his brief to this court has the defendant referred to any evidence that the plea was defective in any respect. Therefore, we conclude that the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea.
In his brief to this court the defendant contends that the trial court should have conducted a hearing on the motion before denying it. In support of this argument, the defendant cites State v. Griffin, 535 So.2d 1143 (La.App. 2d Cir.1988). In Griffin, an eighteen-year-old defendant with a limited formal education was charged with first degree murder. Pursuant to the advice of his two attorneys, he entered an Alford plea to second degree murder to avoid the possibility of a death sentence.[2] Thereafter, he requested that his plea be withdrawn, but the trial court denied the motion without a hearing. The Second Circuit Court of Appeal concluded that, under these circumstances, the trial court should have conducted a hearing on *56 the motion and remanded the case to the trial court for such a hearing. The defendant notes that he, like Griffin, was eighteen years old and that his attorney also advised him to plead guilty. The defendant also contends that the instant record contains no information as to his educational or employment history. However, this statement is not entirely correct. At the March 15, 1990 hearing on the defendant's motion for preliminary examination, motion to suppress, and motion for bond reduction, it was revealed that the defendant was a senior at Belaire High School.
Considering all of the facts and circumstances of the instant case, we find it to be distinguishable from the situation in Griffin. While armed robbery and first degree robbery are serious offenses, the instant defendant was never exposed to a possible death sentence as in Griffin, nor did he enter an Alford plea. While the defendant's attorney advised him to plead guilty (as did the attorneys in Griffin), this advice was entirely reasonable in light of the evidence of the defendant's guilt and the favorable plea bargain agreement. Furthermore, as noted above, the defendant gave no explanation for requesting that his guilty plea be withdrawn, apart from defense counsel's statement that the defendant now wished to go to trial. The defendant did not request a hearing on the motion and, as also noted above, the defense never referred to any evidence it wished to introduce in support of the motion. See State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984). Accordingly, we conclude that there was no need for an evidentiary hearing in this case.
For the above reasons, these assignments of error are meritless.
Having considered the above, we affirm the conviction and sentence of defendant.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] We note that defendant is referred to as Ricardo A. Carmouche and Ricardo Carmouche. We have elected to use Ricardo A. Carmouche.
[2] See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1960).