WATKINS, Judge.
The defendant, Ricardo A. Carmouche,[1] was charged by bill of information number 1-90-1287 with armed robbery, a violation of LSA-R.S. 14:64. Pursuant to a plea bargain agreement, the defendant pled guilty to the responsive offense of first degree robbery, a violation of LSA-R.S. 14:64.1. The defendant had also been charged with armed robbery in bill of information number 1-90-1288. In accordance with the plea agreement, the defendant also pled guilty to the responsive offense of first degree robbery under bill number 1-90-1288. In exchange for these two guilty pleas, the State nol-prossed a third bill of information charging the defendant with armed robbery and agreed not to further prosecute any other charges against the defendant. Pursuant to the plea agreement, the trial court sentenced the defendant tó ten years at hard labor, without benefit of parole, probation, or suspension *57 of sentence. The defendant also received a concurrent sentence of ten years at hard labor, without benefit of parole, probation, or suspension of sentence, for the other first degree robbery conviction. That conviction was separately appealed. See State v. Carmouche, 589 So.2d 53 (La.App. 1st Cir.1991), also decided this date. The defendant has appealed, assigning errors as follows:
1. The trial court erred in denying defendant’s motion to withdraw his guilty plea.
2. The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
Because there was no trial, the following information is derived from the combined hearing on the defendant’s motion for preliminary examination, motion to suppress, and motion for bond reduction which took place on March 15,1990. On November 24, 1989, the defendant and an accomplice, Edgar C. Isaac, robbed the victim, Cynthia Shill, in the parking lot of the Bocage Shopping Center. When Isaac and the defendant approached the victim, Isaac pulled a large caliber handgun and demanded the victim’s key and her purse. The victim complied. Isaac and the defendant fled the scene in the victim’s 1988 Nissan Sentra.
ASSIGNMENT OF ERROR NO. ONE:
In this assignment of error, the defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. He also contends that the trial court should have conducted a hearing on the motion before denying it. This is the same alleged error and argument we considered and decided in KA 90 1374. We find it to be without merit for the reasons assigned. See opinion handed down this date.
For the reasons stated herein, we affirm the conviction and sentence of defendant.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant is referred to as Ricardo A. Car-mouche, Ricardo Andre Carmouche and Ricardo Camouche. We have elected to use Ricardo A. Carmouche.