*149
 
 PER CURIAM.
 
 [1]
 

 [ jWrit granted; relief denied. The court of appeal erred to the extent that it implied that relator’s claim of ineffective assistance of counsel was waived as a “non-jurisdictional defect” by entering guilty pleas to the charged crimes. Established jurisprudence of this Court provides that the Sixth and Fourteenth Amendments and La. Const, art. I, § 2 and § 13 protect a defendant pleading guilty. “When a defendant enters a counseled plea of guilty, this court will review the quality of counsel’s representation in deciding whether the plea should be set aside.”
 
 State v. Beatty,
 
 391 So.2d 828, 831 (La.1980);
 
 see also State ex rel. Scott v. State,
 
 93-0401 (La.3/16/95), 651 So.2d 1344. The two-part test of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges of guilty pleas based on claims of ineffective assistance of counsel.
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985);
 
 State v. Washington,
 
 491 So.2d 1337, 1339 (La.1986).
 

 • Nonetheless, a review of the transcripts of the guilty plea, sentencing and the evi-dentiary hearing on relator’s post-conviction application reveals that relator has failed to establish either (1) that counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms; or (2) that counsel’s inadequate performance prejudiced relator to the extent that the proceedings were rendered unfair and the convictions suspect. Accordingly, the district court’s ruling denying relief is upheld.
 

 [1]
 

 . Kimball, CJ, not participating.