MARC E. JOHNSON, Judge.
 

 | ^Defendant pled guilty to three counts of armed robbery on August 24, 2010, and was sentenced, on each count, to 30 years’ imprisonments to be served concurrently and without benefit of parole, probation, or suspension of sentence. In his sole assignment of error on appeal, defendant challenges the validity of his waiver of conflict-free counsel.
 

 Defendant claims he was denied his constitutional right to effective and conflict-free counsel because his waiver of conflict-free counsel was not knowing and intelligent. He contends that although he had notice of a potential conflict, he was left on his own to determine whether an actual conflict existed. He argues the trial court failed to ensure that he was fully informed of the consequences of proceeding with conflicted counsel. Defendant further asserts he was never informed of his right to obtain other counsel. As such, defendant seeks to have his conviction and sentence reversed.
 

 |,.¡The State contends defendant is precluded from raising this issue on appeal because he pled guilty, there was no adverse ruling, and he did not reserve his right to appeal under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). Although a guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the plea, the Louisiana Supreme Court recently explained that the Sixth and Fourteenth Amendments and La. Const, art. I, § 2 and § 13 protect a defendant pleading guilty. To that extent, the supreme court stated that “[w]hen a defendant enters a counseled plea of guilty, this court will review the quality of counsel’s representation in deciding whether the plea should be set aside.”
 
 State v. West,
 
 09-2810 (La.12/10/10), 50 So.3d 148, 149
 
 (per curiam
 
 ). In
 
 West,
 
 the supreme court found that the appellate court erred to the extent it implied that the defendant’s claim of ineffective assistance of counsel was a non-jurisdictional defect that was waived by his guilty plea.
 
 [1]
 

 
 *1193
 
 In the present case, defendant does not specifically challenge the effectiveness of his counsel. However, the Louisiana Supreme Court has held that “an attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant whom he is representing.”
 
 State v. Reeves,
 
 06-2419 (La.5/5/09), 11 So.3d 1031, 1081,
 
 cert. denied,
 
 — U.S. —, 130 S.Ct. 637, 175 L.Ed.2d 490 (2009).
 

 As noted by the Third Circuit in
 
 State v. Holder,
 
 99-1747 (La.App. 3 Cir. 10/11/00), 771 So.2d 780, 781, there is no jurisprudence indicating that a guilty plea waives an actual conflict of interest. In
 
 Holder,
 
 the Third Circuit ultimately addressed the defendant’s claim that her counsel had a conflict of interest despite the fact she pled guilty and did not reserve her right to appeal under
 
 Crosby.
 

 ^Considering the above jurisprudence and because of the possible implications of defendant’s constitutional rights relating to his guilty plea, we will address defendant’s claim that he did not knowingly and intelligently waive his right to conflict-free counsel prior to entering his guilty plea.
 

 Every criminal defendant is entitled not only to counsel but also to conflict-free counsel. U.S. Const. Amend. 6 and 14; La. Const. Art. I, § 13;
 
 State v. Franklin,
 
 400 So.2d 616, 620 (La.1981). After the trial court has been alerted that a conflict of interest exists, the judge must take the proper steps to assure that the defendant’s Sixth Amendment right to effective assistance of counsel is not violated.
 
 State v. Cisco,
 
 01-2732 (La.12/3/03), 861 So.2d 118, 132,
 
 cert. denied,
 
 541 U.S. 1005, 124 S.Ct. 2023, 158 L.Ed.2d 522 (2004).
 

 When the issue of a conflict of interest is raised pre-trial, the judge is required to either appoint other counsel or take adequate steps to determine whether the risk of a conflict of interest is too remote to warrant other counsel.
 
 Id.,
 
 referencing
 
 Holloway v. Arkansas,
 
 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). These steps require the trial judge to first have the attorney disclose the basis of the conflict. If the judge determines the conflict is not too remote, he should explain the conflict to the defendant and inform the defendant of his right to conflict-free representation. If the defendant chooses to proceed with conflicted counsel, a narrative form statement should be prepared that indicates the defendant is fully aware of his right to conflict-free counsel but has chosen to knowingly and intelligently waive his right. Before a defendant can knowingly and intelligently waive his right to conflict-free counsel, he must be told (1) that a conflict of interest exists; (2) the consequences to his defense from continuing with conflict-laden counsel; and (3) that he has a right to obtain other counsel.
 
 Cisco,
 
 861 So.2d at 132-33.
 

 IfiThe record shows that the trial court held a hearing on May 4, 2010, during which defendant waived any potential conflict of interest involving his attorney, who stated he represented a co-defendant in a different matter in another parish. During the hearing, the trial judge questioned defendant’s counsel about his representation in the other matter. Counsel explained that the judge in the other parish had asked him to withdraw from representation to allow another attorney to handle all of the co-defendant’s matters in that parish. Counsel stated that he was inclined to withdraw and was doing so.
 

 
 *1194
 
 The trial judge expressed her concern that based on her limited knowledge of the case, there may be some conflict. The prosecutor also voiced his concern that a problem might exist if a defendant represented by counsel was “flipped” to testify against another defendant represented by the same counsel. The judge then told defendant that his counsel’s representation of the co-defendant in another matter may impose a potential conflict of interest to which defendant responded, “I doubt it.” The judge inquired as to whether defendant had spoken to his attorney about the conflict of interest and defendant stated that he had. The judge asked defendant if he wished to waive any potential conflict, and he replied affirmatively.
 

 The prosecutor further attempted to explain what he perceived to be the potential conflict. Before the prosecutor could fully explain, defendant stated that his understanding of the conflict was that the State wanted defendant’s nephew and son to testify against him. The prosecutor responded, “[pjotentially, yes.” The prosecutor then explained that the conflict might put his attorney in a position where he is advising defendant of one thing while thinking of the other client’s best interest. In response, defendant stated that he trusted his attorney and wanted him to stay as his counsel. He again indicated he waived any conflicts. Later in | fithe hearing, the prosecutor noted that the State had been in negotiations with the co-defendant at issue to testify against defendant.
 

 Based on this exchange, we do not find defendant knowingly and intelligently waived his right to conflict-free counsel. Although the trial court and prosecutor recognized there might be a conflict of interest, defendant waived any conflict before the particulars of his counsel’s representation of the co-defendant and consequences of said representation were determined. Additionally, the record does not reflect defendant was ever informed that he had the right to obtain other counsel.
 

 Having determined that defendant’s waiver of conflict-free counsel was invalid, we must address what effect, if any, the invalid waiver has on defendant’s conviction. The mere possibility of a conflict is insufficient to impugn a criminal conviction.
 
 Cuyler v. Sullivan,
 
 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). It is only when an actual conflict exists that the reversal of a conviction may be required.
 
 See Mickens v. Taylor,
 
 535 U.S. 162, 168, 122 S.Ct. 1237, 1242, 152 L.Ed.2d 291 (2002),
 
 citing Holloway v. Arkansas,
 
 435 U.S. 475, 481, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978).
 

 An actual conflict is defined as follows:
 

 If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.
 

 State v. Kahey,
 
 436 So.2d 475, 484 (La.1983), citing
 
 Zuck v. Alabama,
 
 588 F.2d 436 (5th Cir.1979),
 
 cert. denied,
 
 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). “An actual conflict of interest is established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties.”
 
 Kahey,
 
 436 So.2d at 484. The Louisiana Supreme Court has explained that “a 17defense attorney required to cross-examine a current or former client on behalf of a current defendant suffers from an actual conflict.”
 
 Cisco,
 
 861 So.2d at 130.
 

 
 *1195
 
 The United States Supreme Court has set forth two different standards for determining whether reversal of a conviction is required when an actual conflict exists. If an actual conflict exists and the defendant objects to his counsel’s representation pre-trial but is forced to continue with conflicted counsel, prejudice is presumed and reversal is automatic.
 
 Holloway,
 
 435 U.S. at 488, 98 S.Ct. at 1181. If the defendant does not object to the conflicted representation until post-trial, he must prove actual prejudice; in other words, that the actual conflict adversely affected the adequacy of his counsel’s performance.
 
 Sullivan,
 
 446 U.S. at 350, 100 S.Ct. at 1719. Thus, the time at which the defendant raises the conflict of interest issue is determinative of whether the
 
 Holloway
 
 or
 
 Sullivan
 
 standard is applied.
 
 State v. Wille,
 
 595 So.2d 1149, 1153 (La.1992), ce
 
 rt. denied,
 
 506 U.S. 880, 113 S.Ct. 231, 121 L.Ed.2d 167 (1992).
 

 Although the State and the trial judge expressed concern of a possible conflict, at no time did either defendant or defense counsel object to counsel’s continued representation. The fact the State expresses concern over a potential conflict, does not in and of itself give rise to the presumption of prejudice contained in the
 
 Holloway
 
 standard.
 
 See State v. Castaneda,
 
 94-1118 (La.App. 1 Cir. 6/23/95), 658 So.2d 297, 305. Defendant did not object to his counsel’s representation until this appeal. Thus, we find the
 
 Sullivan
 
 standard applies and that defendant must show that an actual conflict of interest adversely affected his counsel’s performance.
 

 We find the record inadequate to show whether an actual conflict of interest existed. While the trial judge attempted to question defense counsel regarding any potential conflict, her inquiry halted when defendant insisted on waiving any | sconflict. Additionally, the extent of defense counsel’s representation of a co-defendant in another matter is unknown, and it is not evident from the record whether counsel advised defendant to plead guilty under divided loyalties. Further, defendant in this case pled guilty so no actual conflict relating to cross-examining a current or former client presented itself.
 

 Being unable to determine whether an actual conflict of interest existed from the record before us, we find that the interest of justice and judicial economy would best be served by remanding the case for an evidentiary hearing so that the issue can be promptly resolved. Accordingly, we conditionally affirm defendant’s conviction and sentence and remand the case to the district court for purposes of conducting an evidentiary hearing on the question of whether defendant’s trial counsel labored under an actual conflict of interest that adversely affected his performance.
 
 See State v. Waters,
 
 780 So.2d 1053, 1058 (La.2001). We further reserve defendant’s right to appeal an adverse determination.
 

 We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920,
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975), and
 
 State v. Hicks,
 
 08-402, p. 13 (La.App. 5 Cir. 12/16/08), 3 So.3d 539, 547, and find no errors that require remedial action.
 

 For the foregoing reasons, defendant’s conviction and sentence are conditionally affirmed and the case is remanded to the district court for further proceedings consistent with this opinion.
 

 CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; CASE REMANDED
 

 [1]
 

 .
 
 See also, State v. Roberts,
 
 08-1026 (La.App. 3 Cir. 3/4/09), 4 So.3d 1011, 1014, where the Third Circuit found the defendant did not waive his claim that the bill of information was defective and that his counsel failed to sufficiently advise him of the accusations
 
 *1193
 
 against him when he pled guilty because his claim related to the entering of the guilty plea.