CRAIN, J.
12Pursuant to a plea agreement, the defendant, Jordan Cheatham, pled guilty to possession with intent to distribute marijuana. See La. R.S. 40:966A(1). Prior to sentencing, he filed a motion to withdraw his guilty plea, which was denied. He was sentenced to ten years imprisonment at hard labor, with three years suspended, and three years of supervised probation with conditions upon his release from incarceration. The defendant appeals, arguing the trial court erred in denying his motion to withdraw the guilty plea. We affirm.
FACTS AND PROCEDURAL HISTORY
The factual basis for the guilty plea is set forth in the Boykin form signed by the defendant.[1] After being stopped for a traffic violation, the defendant became visibly nervous and refused to allow a sheriffs deputy to search the vehicle. A drug detection dog was transported to the scene and made positive alerts on the vehicle. During the ensuing search, deputies found multiple bags of marijuana in the vehicle, including a large bag with twelve smaller bags inside, each containing about one ounce of marijuana; and a bag in a shoe box wedged under the front passenger seat containing approximately 5.9 grams of marijuana along with a smaller bag containing approximately four grams of marijuana.
On the morning of the defendant’s trial, he accepted the state’s offer of a plea deal, agreeing to plead guilty to possession with intent to distribute marijuana in exchange for a ten year sentencing cap and the state’s agreement not to pursue a habitual offender bill of information. The defendant was Boykinized and pled guilty as charged. Sentencing was deferred pending a presentence investigation report.
| ¡¡Prior to sentencing, the defendant filed a motion to withdraw the guilty plea, which stated no basis for the request and, for that reason, was denied. The defendant then filed a second motion to withdraw the guilty plea, wherein his counsel stated:
I, SHANNON L. BATTISTE, the undersigned counsel, erroneously] misinformed my client of the law and procedures regarding withdrawing pleas. Please see Exhibit A attached to this motion for further explanation.
*759 In an attached letter, counsel stated he erroneously informed the defendant he could withdraw his guilty plea at any time before sentencing. According to the letter, the defendant’s motivation for pleading guilty was his belief he could withdraw the plea before sentencing.
At a hearing on the motion, defense counsel repeated the representations in his letter and presented testimony from the defendant. The defendant confirmed counsel told him during plea discussions that he could withdraw the plea before his next court date. When asked if that was the reason he pled guilty, the defendant replied:
Yeah, that, along with it wasn’t—I mean, it’s gone this far. I mean, and I’m still not found innocent. I didn’t think I was going [to] be found innocent with that, so I took the plea.
After further prompting by his counsel, the defendant agreed that he pled guilty because he believed he could withdraw the plea.
In response to detailed questioning by the trial court, the defendant confirmed he pled guilty only after (1) acknowledging no one had promised him anything, other than the plea deal, to plead guilty; (2) being extensively advised of his Boykin rights and waiving those rights; and (3) confirming under oath his understanding of the charged offense, sentencing range, and the plea deal.
In denying the motion, the trial court explained:
I find that you had sufficient education [to understand the plea]. You 14said you had some college, you were 31 years of age. You answered all of these questions under oath. And now, today, you’re going to sit here and tell me that you were lying to me, that you had no intentions of pleading “guilty” to begin with. I find that all of the elements for a valid plea were met, and the Motion to Withdraw your “[g]uilty” [p]lea is denied.
DISCUSSION
A guilty plea is a conviction and should be afforded a great measure of finality. State v. Carmouche, 589 So.2d 53, 55 (La. App. 1 Cir. 1991). Under Boykin, before accepting a guilty plea, a trial court must ascertain the defendant has knowingly and voluntarily waived his rights against self-incrimination, to a jury trial, and to confrontation. See State v. Balsano, 09-0735 (La. 6/19/09), 11 So.3d 475, 477-78; see also La. Code Crim. Pro. art. 556.1 A. If a guilty plea is induced by a plea bargain, the bargain must be enforced or the defendant must be allowed to withdraw from the plea. See State ex rel. Miller v. Whitley, 615 So.2d 1335, 1336 (La. 1993) (per curiam).
Under Louisiana Code of Criminal Procedure article 559A, a trial court may permit the withdrawal of a guilty plea before sentencing; however, a defendant has no absolute right to withdraw a previously entered plea of guilty. The court’s decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. See State v. Ridgley, 96-0680 (La.App. 1 Cir. 2/20/98), 708 So.2d 793, 794 writ denied, 98-0759 (La. 7/2/98), 724 So.2d 206; Carmouche, 589 So.2d at 55. Generally, the denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and the plea was entered voluntarily. State v. Joseph, 12-0085, 2013 WL 596149 (La. App. 1 Cir. 2/15/13).
The defendant does not contend the trial court failed to properly advise him of his rights prior to his plea, nor does he allege any violation of the plea agreement. *760 Rather, he wants to withdraw his guilty plea because his lawyer ^erroneously told him he could withdraw it at any time prior to sentencing. That misunderstanding, according to the defendant, was his sole reason for pleading guilty.
We share the trial court’s skepticism about the veracity of this claim. Prior to the plea, the defendant was placed under oath and was asked if he had been promised anything in order to get him to plead guilty. He replied “No.” Fully advised of his rights, and with his attorney at his side, he then agreed to the accuracy of the facts giving rise to his prosecution and pled guilty to the charged offense. In return, his sentence was capped at ten years and the state agreed not to file a habitual offender bill of information. Now the defendant asserts when he made those incriminating admissions and pled guilty, his intention all along was to withdraw the plea and go to trial. If true, the defendant’s actions, as well as those of his attorney who sat idly by while this charade was perpetuated, reflect an affront to the dignity of the court and make a mockery of the proceeding.[2] This court will not condone the use of a guilty plea, with its great measure of finality, as a tool to manipulate a trial court’s docket. Furthermore, we And ample evidence the defendant’s guilty plea was not the product of counsel’s alleged erroneous advice.
A challenge to a guilty plea based on a claim of ineffective assistance of counsel is governed by the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See State v. West, 09-2810 (La. 12/10/10), 50 So.3d 148, 149 (per curiam). The defendant must show (1) his attorney’s performance was deficient, and (2) the deficiency prejudiced him. Strickland, 466 U.S. at 687, 694, 104 S.Ct. 2052. In the context of a guilty plea, the “prejudice” component requires the defendant to prove that, but for counsel’s erroneous advice] he would have elected to go to trial rather than plead guilty. See Hill v. Lockhart, 474 U.S. 62, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); State v. Crawford, 15-0784 (La. 10/2/15), 176 So.3d 394, 395 (per curiam), cert. denied, - U.S. -, 136 S.Ct. 1454, 194 L.Ed.2d 557 (2016).[3]
While the defendant argues he pled guilty merely because he thought he could later withdraw the plea, his testimony reveals other reasons for accepting the state’s offer, including concern about his prospects at a trial. In two exchanges he stated he pled guilty because “I didn’t think I was going [to] be found innocent” and “it looked like I was guilty.” In another exchange he offered that he pled guilty “because my attorney told me to plead guilty.” He made no mention of any misunderstanding about his ability to withdraw the plea, until prompted to do so by leading questions from his attorney.
Without the plea agreement, the defendant, if convicted, was facing a sentence of up to thirty years at hard labor, subject to further enhancement if he was adjudicated a multiple offender, plus a fine of not more *761 than $50,000. See La. R.S. 40:966B(3) and 15:529.1. By accepting the state’s offer, the defendant significantly reduced his sentencing exposure by capping the possible sentence at ten years and removing the possibility of a multiple offender adjudication. Nevertheless, in his argument to this court, the defendant essentially asserts that he lied under oath—by agreeing to incriminating facts and falsely admitting his guilt—simply because he believed he could later retract the lie. The suggestion the defendant engaged in an act so counter to his self-interest, merely because he thought he could essentially “take it back,” defies reason. We further note the 17defendant was not unfamiliar with the plea process, as the presentence investigation report reveals numerous prior guilty pleas for other offenses.
The record contains a reasonable basis for the trial court’s implicit finding the defendant failed to prove that, but for counsel’s erroneous advice, he would have elected to go to trial rather than plead guilty. The record further reflects the defendant’s decision to plead guilty was knowingly and voluntarily made. The trial court did not abuse its discretion in denying the motion to withdraw the guilty plea. The sole assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
Holdridge J., concurs in results

. “Boykin" is a reference to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Counsel's silence under such circumstances would be difficult to reconcile with his obligation of candor toward the tribunal under Rule 3.3 of the Rules of Professional Conduct.

. A claim of ineffective assistance of counsel is usually relegated to post-conviction proceedings; however, where the claim is raised as an assignment of error on direct review and the record on appeal is adequate to resolve the matter, the claim should be addressed in the interest of judicial economy. State v. Calhoun, 96-0786 (La. 5/20/97), 694 So.2d 909, 914, Finding the record on appeal adequate to resolve the issue, we address the defendant’s contention that his guilty plea was induced by erroneous advice from counsel.