STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0049

STATE OF LOUISIANA

VERSUS

JONATHAN YOUNG

*Judgment Rendered:* **NOV 0 6 2020**

\*\*\*\*\*\*\*\*

Appealed from the 22nd Judicial District Court
In and for the Parish of Washington
State of Louisiana
Suit No. 18 CR10 138301

The Honorable Peter Garcia, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Warren L. Montgomery<br>District Attorney<br>James W. Adair<br>J. Bryant Clark, Jr.<br>Assistant District Attorneys<br>Covington, Louisiana | Counsel for Plaintiff/Appellee<br>State of Louisiana |
| David F. Gremillion<br>Ravi Shah<br>New Orleans, Louisiana | Counsel for Appellant<br>Jonathan Young |

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**LANIER, J.**

The defendant, Jonathan Young, was charged by bill of information with molestation of a juvenile during a period of more than one year (count 1), a violation of La. R.S. 14:81.2(C)(1); indecent behavior with a juvenile (count 2), a violation of La. R.S. 14:81; sexual battery (count 3), a violation of La. R.S. 14:43.1; and contributing to the delinquency of juveniles (count 4), a violation of La. R.S. 14:92(A)(7). The defendant pled not guilty, then subsequently withdrew his not guilty pleas, and pled guilty to all four charges.

Prior to sentencing, the defendant filed a motion to withdraw his guilty plea. Following a contradictory hearing on the matter, the court denied the motion to withdraw the plea. On count 1, the defendant was sentenced to twenty-five years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence; on count 2, he was sentenced to seven years imprisonment at hard labor; on count 3, he was sentenced to ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence; on count 4, he was sentenced to two years imprisonment, without the benefit of parole, probation, or suspension of sentence. All sentences were ordered to run concurrently. The defendant filed a motion to reconsider sentence, which was denied. The defendant now appeals, designating two assignments of error. We affirm the convictions and sentences.

## FACTS

At the sentencing hearing, the State provided a recitation of the facts. As to count 1, from December 8, 2013 to February 9, 2018, in Washington Parish, the defendant engaged in sexual acts with a juvenile male, including performing oral sex on him. As to count 2, from February 21, 2016 to December 24, 2017, the defendant sent a juvenile text messages that depicted adult and child nudity, and suggestive language. As to count 3, from November 1, 2017 to February 9, 2018,

in Washington Parish, the defendant touched a juvenile's genitals over the clothing. As to count 4, from November 1, 2017 to February 9, 2018, the defendant plied a male juvenile with alcohol at the Washington Parish Fair and sent text messages to this juvenile informing him that if he could not suppress his sexual desires toward women, then he could have sex with the defendant.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues the trial court erred in denying his motion to withdraw his guilty pleas. Specifically, the defendant contends that he was coerced by his mother and his attorney to plead guilty.

**Boykin v. Alabama**, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), requires that a trial court ascertain, before accepting a guilty plea, that the defendant has voluntarily and knowingly waived his right against self-incrimination, his right to a jury trial, and his right to confrontation. A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La. Code Crim. P. art. 559(A). Under Article 559, the defendant has no absolute right to withdraw a previously entered plea of guilty. The court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. **State v. Cheatham**, 2016-1648 (La. App. 1 Cir. 6/2/17), 222 So.3d 757, 759.

A trial court can properly vacate a guilty plea after sentence, as well, if it determines that the facts surrounding a guilty plea rendered it constitutionally deficient. See **State v. Allah**, 2017-0785 (La. 1/9/18), 232 So.3d 554. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the **Boykin** colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. **State v. McCoil**, 2005-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A constitutionally infirm guilty plea may be set aside either by

3

means of an appeal or postconviction relief. **State v. Dixon**, 449 So.2d 463, 464 (La. 1984).

While a defendant may withdraw his guilty plea prior to being sentenced, it is the trial court that permits such withdrawal. See La. Code Crim. P. art. 559. But such withdrawal is predicated on a legal cause, that is, on a showing made by a defendant that his plea bargain was constitutionally infirm, creating a legal defect that nullifies the agreement between the parties. See **Dixon**, 449 So.2d at 464; **State v. Carmouche**, 589 So.2d 53, 55 (La. App. 1 Cir. 1991).

On March 22, 2019, the thirty-five-year old defendant pled guilty to molestation of a juvenile during a period of more than one year, indecent behavior with a juvenile, sexual battery, and contributing to the delinquency of juveniles. The defendant was represented by Doyle "Buddy" Spell. Following a **Boykin** hearing, the trial court deferred sentencing and indicated a presentence investigation report would be ordered.

Sentencing was set for July 8, 2019. On this same day, attorney Ravi Shah filed a motion to withdraw the guilty pleas and requested that he be allowed to represent the defendant. The trial court granted Spell's motion to withdraw as counsel, allowed Shah to enroll as counsel, and moved forward on the hearing on the motion to withdraw the guilty pleas.

The defendant testified that on the day he pled guilty, he had initially decided that he was going to trial. The defendant's mother, however, urged him to plead guilty. Thus, to avoid putting his mother through any more pain, the defendant "chose to go ahead with the plea even though I was coerced to take the plea." The defendant added that he was coerced by his mother and Spell. When asked about his demeanor when making his guilty pleas, the defendant stated he was very distraught, and he felt "backed into a corner."

On cross examination, the defendant agreed that he admitted guilt to all of the charges against him. The defendant also recalled that he was represented by Spell, and that he informed the judge that no one coerced him to plead guilty. When he pled, the defendant never indicated that his mother made him plead guilty. The defendant also indicated he was satisfied with his attorney when he pled guilty. The defendant, however, indicated at the hearing on the motion to withdraw that his being satisfied was not really the case.

Beverly Young, the defendant's mother, also testified. Beverly indicated that on the day the pleas were taken, the defendant indicated to his mother and Spell that he wanted to go to trial instead. Spell was in the process of heading toward the prosecutor in the courtroom to inform him that his client was going to change his pleas to not guilty. Beverly, however, felt that going to trial would be more difficult versus pleading guilty. Thus, Beverly stopped Spell from conversing with the prosecutor and called him back to her and the defendant. Beverly asked to speak to her son in private.

Beverly spoke to the defendant for several minutes. Following this conversation, the defendant agreed to plead guilty. During the guilty plea hearing, Beverly indicated the defendant was extremely emotional and crying profusely. When asked to elaborate, Beverly stated, "I think committing to those crimes that the judge was stating to him, he was -- he was under a tremendous amount of stress and the families were as well."

Spell testified next. Spell indicated that with a plea deal, the defendant preferred a five to forty-year sentencing range, rather than a fifteen to twenty-five-year range, since he could get a sentence of less than fifteen years. Spell explained that he had extensive discussions with the defendant about the five to forty-year sentencing range. Spell also confirmed Beverly's testimony regarding the defendant's changing his mind on the day of the guilty plea.

5

Spell indicated that when the defendant told him he did not wish to plead guilty, Spell said he needed to let the prosecutor and the judge know that they needed to set a trial date. Spell left the defendant while the defendant spoke to his mother. A few minutes later, Spell was called back to the defendant who informed Spell that he was going to plead guilty. They then moved forward with the **Boykin** hearing. Spell lastly indicated to the court that he had "never coerced any client to ever taking a guilty plea."

The trial court denied the motion to withdraw the guilty pleas, stating in pertinent part:

> Regarding your withdrawal of the plea, references have been made during this hearing regarding the **Boykin**, your rights that I gave you at the time you entered the plea, pursuant to that United States Supreme Court case, which I gave to you on March 22, 2019.
>
> . . . .
>
> In that **Boykin**, I take very detailed care to particularize my questions of anybody standing before me. You happened to be in chambers sitting across from my desk, and it was not my request it be there. Because of the sensitive nature of the case, it was requested either by you or the victims, or both. I can't remember at this time.
>
> I remember it was you in my office across the desk from me. Your mother was there. Some of the victim's family may have been there. I assume they were.
>
> We had an eye-to-eye conversation, and I asked you some pretty clear questions. Do you want to do this? I want to make sure that your constitutional rights are being protected when I take a guilty plea.
>
> I want to make sure that you understand the facts that form the basis of the charges. I want to make sure that you understand the constitutional rights that you're giving up by entering the plea. I want to make sure that you're satisfied with your attorney, that you discussed every element of the plea with your attorney.
>
> I think it's extremely important to protect your constitutional rights during a **Boykin**, and I did that. And I looked you in the eye, and I asked you if you had any questions, if there was anything you didn't understand, and if that's what you wanted to do.

I was completely satisfied at that time that you were making a knowing and intelligent plea with full knowledge of your constitutional rights that you were giving up by pleading guilty and a full understanding of the facts that form the basis of the charges against you.

What has barely been mentioned in this hearing are the facts alleged in this case regarding the molestation, indecent behavior, and sexual battery of juveniles.

The continuing effect of delays and the multiple pretrials and trial dates since the filing of the original charges more than 15 months ago has been significant, and the Court must take cognizance of the fact of the effect on the victims in this case.

. I think this is a blatant, flagrant manipulation of the system. I conclude that you totally lack credibility in this case and that you're doing anything to avoid facing the consequences in this case and deny the motion to withdraw your plea.

On the day the defendant pled guilty, he filled out, initialed, and signed a "Plea of Guilty and Waiver of Rights" form. One of the initialed sections stated in pertinent part: "I am entering this guilty plea because I did in fact commit the crime(s). I have not been forced, threatened or intimidated to make this guilty plea." At the **Boykin** hearing, the defendant was explained his full panoply of rights, and the court informed him that by pleading guilty, he was giving up those rights. The defendant admitted to the court that he committed all four charges brought against him. The defendant indicated that Buddy Spell's law firm had been representing him throughout the process and that he was satisfied with the representation. Spell stated that after multiple meetings at the jail, he believed the defendant "fully understands everything that he's doing today and that he's doing so freely, voluntarily and intelligently."

The record before us convinces us that the defendant's decision to plead guilty was his own and that his guilty plea was knowingly and voluntarily made. Nothing in the hearing on the motion to withdraw the guilty pleas indicated that the defendant's guilty pleas were defective. Furthermore, a reasonable factual basis

7

existed for accepting the defendant's guilty pleas. See **State v. Atley**, 470 So.2d 621, 623 (La. App. 1 Cir. 1985).

A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. **State v. Parker**, 2012-1550 (La. App. 1 Cir. 4/26/13), 116 So.3d 744, 750, writ denied, 2013-1200 (La. 11/22/13), 126 So.3d 478. There is no legal basis for the withdrawal of the defendant's guilty pleas. Neither at the time the defendant requested withdrawal of his pleas nor in the contradictory hearing has the defendant referred to any evidence that the pleas were defective in any respect. See **Carmouche**, 589 So.2d at 55.

Based on the foregoing, we conclude that the trial court did not abuse his discretion in denying the defendant's motion to withdraw his guilty pleas. Accordingly, this assignment of error is without merit.

**ASSIGNMENT OF ERROR NO. 2**

In his second assignment of error, the defendant argues that his sentence as to molestation of a juvenile during a period of more than one year is excessive.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. **State v. Livous**, 2018-0016 (La. App. 1 Cir. 9/24/18), 259 So.3d 1036, 1044, writ denied, 2018-1788 (La. 4/15/19), 267 So.3d 1130.

The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the

8

absence of a manifest abuse of discretion. **State v. Scott**, 2017-0209 (La. App. 1 Cir. 9/15/17), 228 So.3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d 410. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of Article 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **State v. Brown**, 2002-2231 (La. App. 1 Cir. 5/9/03), 849 So.2d 566, 569.

The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982); **Scott**, 228 So.3d at 211. The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. **State v. Jones**, 398 So.2d 1049, 1051-1052 (La. 1981); **State v. Spikes**, 2017-0087 (La. App. 1 Cir. 9/15/17), 228 So.3d 201, 204-205. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Thomas**, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam).

For the conviction of molestation of a juvenile during a period of more than one year, the defendant was sentenced to twenty-five years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The sentencing range for this offense was not less than five, nor more than forty years, with at least five years of the sentence to be without the benefit of parole, probation, or suspension of sentence. See La. R.S. 14:81.2(C)(1).

9

According to the defendant, this sentence is excessive because the court did not consider two mitigating factors. First, the defendant notes he had no prior history of delinquency or criminal activity. Second, the defendant contends his criminal conduct was the result of circumstances unlikely to ever recur. The defendant notes that his mother testified at the sentencing hearing that he had the capacity to change.

It is clear the court considered Article 894.1, as well as the likelihood of the defendant re-offending. In its reasons for sentencing, the court stated in pertinent part:

> All right, I've taken into consideration in sentencing in this matter the acts as recited on the record, and as far as any objections to those go, I went through the elements of each of the offenses with Mr. Young at the time of the plea who indicated that he had no issue with the elements of each of the offenses and, in fact, admitted to the behavior that would support a charge.
>
> I've also taken into consideration the guidelines in Code of Criminal Procedure Article 894.1, and in reviewing those guidelines, I think it's very clear to me that it's necessary to impose a sentence of jail, because I think there's an undue risk that during any period of probation that you would tend to commit another crime.
>
> Further, you are in need of correctional treatment and a custodial environment that can be achieved only through placement in an institution.
>
> The fact that this occurred over a long period of time involving a number of victims also indicates to me that it would occur again.
>
> Also, the seriousness and the effect on various families and on the community at large and the devastating effect that this has had on not only the families of the victims but the victims themselves who are going to have to live with this the rest of their lives.

Given the trial court's consideration of the factors set forth in Article 894.1, and the nature of the crimes, we find no abuse of discretion by the trial court in sentencing the defendant to fifteen years less than the maximum sentence. The record provides sufficient justification for the imposition of the twenty-five-year

sentence. Accordingly, the sentence imposed is not grossly disproportionate to the severity of the offense and, therefore, is not unconstitutionally excessive.

This assignment of error is without merit.

**CONVICTIONS AND SENTENCES AFFIRMED.**