STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT


DOCKET NUMBER
2023 KA 0163


STATE OF LOUISIANA

VERSUS

THOMAS CHRISTOPHER RIDER


Judgment Rendered:___**NOV 0 9 2023**___


* * * * *


ON APPEAL FROM THE
TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 0783-F-2021

HONORABLE SCOTT GARNER, JUDGE PRESIDING


* * * * *


Katherine M. Franks                     Attorney for Defendant-Appellant
Louisiana Appellate Project             Thomas Christopher Rider
Madisonville, Louisiana


Warren LeDoux Montgomery                 Attorneys for Plaintiff-Appellee
District Attorney                        State of Louisiana
Matthew Caplan
Assistant District Attorney
Covington, Louisiana


**BEFORE:   THERIOT, WOLFE, AND GREENE, JJ.**


Wolfe, J. dissents.

**GREENE, J.**

The defendant, Thomas Christopher Rider, was charged by bill of information with possession of less than two grams of a schedule II CDS (methadone), a violation of La. R.S. 40:967(C)(1), and initially pled not guilty. Thereafter, pursuant to a plea agreement, he withdrew his initial plea and pled guilty as charged. Subsequently, the State filed a habitual offender bill of information against the defendant alleging he was a fourth-felony habitual offender.[1] The defendant moved to withdraw his guilty plea, but the motion was denied. Following a hearing, he was adjudged a fourth-felony habitual offender and sentenced to twenty years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant now appeals contending, (1) the State breached the plea agreement, (2) the State failed to prove his identity as the person previously convicted in predicate number 3, and (3) the trial court erred in overruling his objection to testimony offered to establish that the cleansing period had not elapsed between predicate numbers 1 and 2. For the following reasons, we set aside the conviction, habitual offender adjudication, and sentence, and remand for further proceedings, allowing the defendant the opportunity to withdraw his guilty plea.

## FACTS

No trial testimony was presented concerning the facts of the offense because the defendant pled guilty. At the habitual offender hearing, the defendant stipulated a factual basis existed for the offense.

## BREACH OF PLEA AGREEMENT

In assignment of error number one, the defendant contends the trial court erred in failing to order specific performance of the plea agreement or, in the alternative, failed to allow him to withdraw his guilty plea because the State's "failure to appear" edict was not part of the plea agreement.

---

[1] Predicate number 1 was set forth as the defendant's September 3, 2015 conviction, under Twenty-Fourth Judicial District Court docket number 15-2394, for simple burglary. Predicate number 2 was set forth as the defendant's August 18, 2008 conviction, under Twenty-Fourth Judicial District Court docket number 07-6759, for burglary of an inhabited dwelling. Predicate number 3 was set forth as the defendant's February 13, 2003 conviction, under Twenty-Fourth Judicial District Court docket number 02-5120, for burglary of an inhabited dwelling.

2

A criminal plea agreement is analogous to a civil compromise. **State v. O'Conner**, 2011-1696 (La. App. 1 Cir. 9/21/12), 2012 WL 4335425, *4 (unpublished), writ denied, 2012-2163 (La. 4/1/13), 110 So.3d 138; see La. Civ. Code arts. 3071-3083. The four elements of a valid contract are: 1) the parties' capacity to contract; 2) the parties' mutual consent that is freely given; 3) the existence of a certain, lawful object for the contract; and 4) the existence of a lawful purpose, or cause, of the contract. **O'Conner**, 2012 WL 4335425 at *4; see La. Civ. Code arts. 1918, 1927, 1966, & 1971.

Upon motion of the defendant and after a contradictory hearing, which may be waived by the State in writing, the trial court may permit a plea of guilty to be withdrawn at any time before sentence. La. Code Crim. P. art. 559(A). Under this Article, a defendant has no absolute right to withdraw a previously entered plea of guilty. The trial court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. **State v. Carmouche**, 589 So.2d 53, 55 (La. App. 1 Cir. 1991).

Pursuant to La. R.S. 15:529.1(D)(3), the trial court issued written reasons for the habitual offender adjudication. The trial court found that in November of 2021, the State and the defendant agreed the defendant would enter a guilty plea in exchange for the State withholding filing a habitual offender bill of information against him. The State and the defendant further agreed to a sentence of thirty months to be imposed in January of 2022. The trial court noted, "[t]he State made clear that if [d]efendant did not appear for sentencing, it would not be bound by its agreement as to the sentence and the filing of a habitual offender bill." Thereafter, the defendant failed to appear for sentencing in January of 2022, and the State filed a habitual offender bill of information against him, alleging he was a fourth-felony habitual offender.

The transcript of the 2021 **Boykin**[2] hearing indicates that at the beginning of the hearing, defense counsel set forth that the defendant would withdraw his previous not guilty plea and enter a guilty plea "as per our pretrial discussions." Thereafter, the defendant was advised of and waived his rights, and defense counsel advised the court that sentencing was set for January 5, 2022. After the defendant was questioned by the

---

[2] **Boykin v. Alabama**, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

3

trial court and entered his guilty plea, the State put on the record that should the defendant fail to appear for sentencing, it would file a multiple offender bill of information against him. Defense counsel stated, "[u]nderstood."

In determining the validity of plea bargain agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law. **State v. Porche**, 2020-0246 (La. App. 1 Cir. 12/30/20), 318 So.3d 184, 187. A plea bargain agreement requires the consent of the State and the defendant. See La. Civ. Code art. 1927. Error, fraud, or duress may vitiate consent. La. Civ. Code art. 1948. Where the plea agreement calls for a legal sentence and the trial court agrees, the trial court is bound by the terms of the agreement. Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement; or (2) nullification or withdrawal of the plea. **Porche**, 318 So.3d at 187-88. The party demanding performance of a plea bargain agreement has the burden of proving its existence and the terms thereof. **Porche**, 318 So.3d at 188. In this case, the State demanded specific performance of what it claims is the plea bargain agreement.

The State argues in brief that defense counsel, acting as the defendant's agent, accepted the State's plea agreement offer (including the additional requirement of appearing for sentencing) and the defendant's inaction and/or failure to ask questions was indicative of his consent thereto. Defense counsel cannot consent to a guilty plea on his client's behalf, nor can a defendant's tacit acquiescence in the decision to plead guilty render the plea valid. Instead, the jurisprudence requires the trial court to conduct a colloquy with the defendant on the record to determine the guilty plea is entered with the defendant's full knowledge of its consequences. See **Florida v. Nixon**, 543 U.S. 175, 187-188, 125 S.Ct. 551, 560, 160 La.Ed.2d 565 (2004); **Boykin v. Alabama**, 395 U.S. 238, 243-244, 89 S.Ct. 1709, 1712-1713, 23 La.Ed.2d 274 (1969); **United States v. Guyton**, 37 F.Supp.3d 840, 853 (E.D. La. 2014). There is no colloquy in this case indicating the defendant himself consented to or understood the consequences of the

4

additional condition the State attempted to impose after the defendant had already pled guilty.

The trial court abused its discretion in refusing to allow the defendant to withdraw his guilty plea. The plea agreement signed by the defendant specifically provided:

> 8. I further declare my plea of guilty is free and voluntary, that **no additional understandings, promises, or conditions have been entered into other than that contained in the plea colloquy** conducted in open court on the record (emphasis added).
> (R. 15).

At no point during the plea colloquy conducted in open court did the defendant agree to be charged as a habitual offender should he fail to appear for sentencing. To the contrary, according to the trial court, the defendant pled guilty specifically to *avoid* being charged as a habitual offender. The record indicates the trial court asked the defendant if he had been promised or offered anything in return for his guilty plea, either by defense counsel, by the State, or by anyone else, and the defendant answered negatively. Thus, no additional conditions, including the condition that the defendant's failure to appear for sentencing would result in the filing of a habitual offender bill of information against him, were set forth in the plea colloquy. The State only added that the agreement not to file a habitual offender bill was conditioned on the defendant's appearance at sentencing *after* the defendant entered his guilty plea. Thus, the State unilaterally changed the terms of the plea agreement after the plea had been entered. A plea agreement requires the freely given mutual consent of the State <u>and</u> the defendant. See La. Code Civ. P. art. 1927 & **O'Conner**, 2012 WL 4335425 at *4. The defendant performed his part of the plea agreement by pleading guilty to the instant offense; the State did not.

The record is devoid of evidence that the defendant agreed to the filing of a habitual offender bill of information against him if he failed to appear for sentencing. Since there was no existing plea agreement providing for the filing of a habitual offender bill, there was no plea agreement for which to demand specific performance, and the trial court should have allowed the defendant to withdraw his guilty plea. Accordingly, the conviction, habitual offender adjudication, and sentence are set aside, and the case is

5

remanded for further proceedings, allowing the defendant the opportunity to withdraw his guilty plea.[3]

This assignment of error has merit.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS TO ALLOW THE DEFENDANT THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEA.**

---

[3] Our disposition of this assignment of error causes us to pretermit consideration of assignment of error number two which challenges the sufficiency of the State's proof of the defendant's identity as the person convicted in Twenty-Fourth Judicial District Court docket number 02-5120 (predicate number 3) and assignment of error number three which challenges the overruling of the defendant's objection to Officer Wall's testimony concerning whether or not the cleansing period between predicate numbers 1 and 2 had elapsed.